# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL GRAY and RACHEL HINKLE GRAY, | § § § § § | |
|    Plaintiffs, | § | |
| v. | § § | |
| AMERIS BANK; DOVENMUEHLE MORTGAGE; ANDREW JENSEN; and JOHN DOES 1-10 | § § § § § | Civil Action No. |
|    Defendants. | § § § § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants Ameris Bank ("Ameris"), and Dovenmuehle Mortgage Inc. ("DMI", and together with "Ameris", "Defendants") file this notice of the removal of this action from the Chancery Court of Montgomery County, Tennessee. Defendants submit this Notice in support of their removal. Removal is based on diversity jurisdiction and federal question jurisdiction. Defendants respectfully show as follows:

## INTRODUCTION

1. On or about January 22, 2026, Plaintiffs Samuel Gray and Rachel Hinkle Gray (collectively "Plaintiffs") filed their *Petition for Temporary Restraining Order and Injunction* in Case No. MC CH CV RE-26-05 in the Chancery Court of Montgomery County, Tennessee, styled *Rachel M. Hinkle Gray, Samuel Gray v. Ameris Bank; Mackie Wolf Zientz & Mann P.C.; and Dovenmuehle Mortgage* but failed to file with the petition a verified complaint as required by Tennessee Rules of Civil Procedure 65.03(1). On or about March 12, 2026, the

Plaintiffs filed their *Verified Complaint for Declaratory Relief, Injunctive Relief, Breach of Contract, Accounting, and Other Relief* (hereafter "Complaint") and named Andrew Jensen, an employee of Mackie Wolf Zientz & Mann P.C. ("MWZM"), as well as ten fabricated and fictitious unknown John Does as defendants to the suit (hereafter the "State Court Action"). A true and correct copy of the Tybera listing of docket entries is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Complaint, are attached hereto within the contents of Exhibit B.

2.      The allegations in the Complaint relate to the foreclosure and recording of a substitute trustee's deed on real property located in Montgomery County, Tennessee (the "Subject Property"). (*See Complaint* at ¶¶14).

3.      In the Complaint, Plaintiffs asserted breach of contract, violation of federal law, and asked for declaratory and injunctive relief, as well as accounting. (*See Complaint* at ¶¶22-24, 27, 31, 33, 36-37).

4.      This Notice of Removal is timely because thirty (30) days have not expired since the Plaintiffs first filed a Complaint, making removal proper in accordance with 28 U.S.C. Section 1446(b). An action is commenced by filing a complaint, and filing a petition for extraordinary relief without a complaint is not a substitute for commencing an action. *See Johnson v. Robertson*, 3:23-cv-01379, ECF Doc. 4 at page 3 (M.D. Tenn. Jan. 3, 2024). The Tennessee Rules of Civil Procedure are roughly equivalent to the federal rules in this matter— an action is only commenced by filing a **complaint**. T.R.C.P. Rule 3. Also, the Complaint filed by the Plaintiffs failed to comply with Tennessee Rule of Civil Procedure 5.03 requiring the Plaintiffs to show proof of service, preferably by affidavit. Plaintiffs also filed a proof of

service with the Court on the original summonses showing they were unable to perfect service of the petition for the temporary restraining order, and asked the Court to issue new summonses on March 26, 2026. See Exhibit B. Therefore the Plaintiffs have neither served the Complaint to the Defendants according to T.R.C.P. Rule 4, analogous to F.R.C.P. Rule 4, nor did they even comply with Rule 5.03, which is the Tennessee analog to F.R.C.P. Rule 5(d), when they filed the complaint on March 12, 2026.

5. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. Section 1332, and by federal question jurisdiction under 28 U.S.C. § 1441.

### BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.** **There is complete diversity among all properly joined parties.**

6. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiffs and Defendants, and more than $75,000.00 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

7. Plaintiffs Samuel Gray and Sarah Hinkle Gray reside in and are citizens of Tennessee. (*See Complaint* at ¶1-2.)

8. Ameris Bank is a domestic bank organized in the State of Georgia, with a principal address of 3490 Piedmont Road NE, Suite 1550, Atlanta, GA 30305. Therefore Ameris is a citizen of Georgia for diversity purposes.

9. Dovenmuehle Mortgage Inc. is a corporation formed in the State of Delaware, with a principal address of 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047. Therefore DMI is a citizen of Delaware or Illinois.

10. Mackie Wolf Zientz & Mann P.C is a corporation formed in the State of Texas, with its principal address of 14160 Dallas Parkway, Ste. 900, Dallas, TX 75254-4314. Therefore, MWZM is a citizen of Texas.

11. Andrew Jensen was inappropriately named as a party. The trustee of the Deed of Trust was MWZM, of which Andrew Jensen is an employee. Therefore Jensen's citizenship of Tennessee is not fatal to diversity jurisdiction. Any claims against the trustee are claims against MWZM. The naming of Andrew Jensen can thus be distinguished from the ruling in *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. __, No. 24-72 (U.S. Feb. 24, 2026) because it is the naming of Jensen in the first place by the Plaintiffs that was erroneous, not any actions by the Court. Plaintiffs have not even asked the Court to issue a summons for Andrew Jensen. Moreover, federal question jurisdiction is also raised concurrently to establish federal jurisdiction.

12. Likewise, Plaintiffs cannot defeat diversity jurisdiction by naming fictitious defendants of unknown residence who cannot be readily identified nor served. 28 U.S.C. § 1441(b)(1). Moreover, federal question jurisdiction is also raised concurrently to establish federal jurisdiction.

### B. The amount in controversy exceeds $75,000.00.

#### 1. Plaintiffs' request for injunctive relief alone exceeds $75,000.00.

13. The Sixth Circuit recognizes that, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)). When the object of the litigation is certain real property the majority of courts use the fair market approach to determine the amount in

controversy. *See Sandlin v. Citibank, N.A.*, No. 15-2768-JTF-dkv, 2015 U.S. Dist. LEXIS 177408, at *6 (W.D. Tenn. Dec. 18, 2015) (citing *Muheljic v. Bank of Am., N.A.*, No. 2:14-00051, 2014 U.S. Dist. LEXIS 160522, 2014 WL 6085869, at *2 (M.D. Tenn. Nov. 12, 2014); *Rossi v. SunTrust Mortgage, Inc.*, No. 3:11-CV-01045, 2011 U.S. Dist. LEXIS 149376, 2011 WL 6888530, at *2 (M.D. Tenn. Dec. 29, 2011).

14.     According to the Montgomery County Tax Assessor, the value of the tract is $551,500. (*see Exhibit C*).  Thus the threshold amount in controversy for diversity jurisdiction has been met.

15.     Defendants categorically deny that Plaintiffs are entitled to the relief they seek in this suit but there can be no dispute that the minimum amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

## BASIS FOR REMOVAL– FEDERAL QUESTION

16.     Under 28 U.S.C. § 1441(a), a civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

17.     The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs bring a claim arising under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.,* and its implementing regulations, commonly known as Regulation X, 12 C.F.R. § 1024.1 *et seq.* (See Complaint ¶ 36-37).

18.     The Court has supplemental jurisdiction over Plaintiffs' state law claims because they are "so related to" Plaintiffs' federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

## VENUE

19.     Venue for removal is proper in this district and division, the United States District Court for the Middle District of Tennessee, Nashville Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the Chancery Court of Montgomery County, Tennessee, the forum in which the removed action was pending.

## NOTICE

20.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of the Chancery Court of Montgomery County, Tennessee.

21.     The contents of <u>Exhibit B</u> constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendants respectfully request that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   */s/ Jason R. Nabors*
**JASON R. NABORS**
TN Bar No. 037937
jnabors@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
725 Cool Springs Blvd., Suite 140
Franklin, Tennessee 37067
Telephone:  (615) 238-3860
Facsimile:  (615) 777-4517

**ATTORNEYS FOR DEFENDANTS AMERIS BANK, DOVENMUELE MORTGAGE INC., MACKIE WOLF ZIENTZ & MANN, PC, and ANDREW JENSEN**

# INDEX OF DOCUMENTS ATTACHED

Exhibit A     Copy of the docket for Case No.MC CH CV RE-26-5 in the Montgomery County Chancery Court, Tennessee from the court's online filing system;

Exhibit B     Pleadings in Cause No. Case No. 51CC1-2024-CV-2 in the Montgomery County Chancery Court, Tennessee;

B-1     Plaintiff's Petition for Temporary Restraining Order and Injunction, January 22, 2026

B-2     Issued Summons on Ameris Bank, January 22, 2026

B-3     Issued Summons on Dovenmuehle Mortgage, January 22, 2026

B-4     Issued Summons on Mackie Wolf Zientz & Mann P.C., January 22, 2026

B-5     Proposed Order for TRO and Permanent Injunction, January 22, 2026

B-6     Plaintiffs' Response to Order Regarding Injunction Bond, February 3, 2026

B-7     Defendants' Response to the Petition for TRO and Permanent Injunction, February 6, 2026

B-8     Order Resetting hearing on TRO to 4/09/26, March 12, 2026

B-9     Complaint, March 12, 2026

B-10     Order, proposed March 12, 2026, signed by Chancellor on 3/16/2026

B-11     Emergency Motion to Continue and Supporting Declaration, March 23, 2026

B-12     Order, Proposed March 23, 2026, denied by Chancellor on March 24, 2026

B-13     Notice by Rachel Hinkle Gray, March 24, 2026

B-14     Notice of Intent to Appear Virtually, March 24, 2026

B-15     CD Request, March 25, 2026

B-16     Second Summons on Ameris Bank, March 26, 2026

B-17     Second Summons on Dovenmuehle Mortgage, March 26, 2026

NOTICE OF REMOVAL     Page 7
25-000043-391
Case 3:26-cv-00381   Document 1   Filed 03/31/26   Page 7 of 9 PageID #: 7

B-18    Second Summons on Mackie Wolf Zientz & Mann PC, March 26, 2026

B-19    Abstract of Lis Pendens, March 26, 2026

B-20    Motion to Stay Enforcement of Order, March 26, 2026

B-21    Notice of Hearing on all Defendants

B-22    Return of Summons on Mackie Wolf Zientz & Mann, Unserved, March 26, 2026

B-23    Court Collective Exhibit 1, Letters Sent Resetting Foreclosure Sale Date

B-24    Order Rescinding TRO and Denying Injunctive Relief, Proposed March 26, 2026, signed by Chancellor on 3/26/26

B-25    Answer and Verified Denial of MWZM and Andrew Jensen, March 26, 2026


Exhibit C    Print out from the Montgomery County, Tennessee Tax Assessor's web-site on March 27, 2026;

NOTICE OF REMOVAL    Page 8
25-000043-391
Case 3:26-cv-00381    Document 1    Filed 03/31/26    Page 8 of 9 PageID #: 8

# CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2026, a true and correct copy of the foregoing was served via regular U.S. mail on the following:

Samuel Gray
954 Terrace Creek Lane
Clarksville, TN 37040

Rachel Hinkle Gray
954 Terrace Creek Lane
Clarksville, TN 37040

/s/ Jason R. Nabors
**JASON R. NABORS**