**Tybera**

Home | eFile | Cases | My Profile | Log Out

Home ⇒ Cases

Tennessee Courts

eFlex

eFiling

user: Jason R Nabors



DEFENDANT'S EXHIBIT A

## Cases

| Case Number | Court Division | | Number of cases displayed per page: 50 ⌄ |
|---|---|---|---|

Court: -- Select Court Account --

[ Search Cases ]     [ eFile ] [ History ] [ Service List ]

◉ Show Active   ○ Show Inactive   ○ Show Both

1

| Case Title | ▼Case Number | eFile | Case Type | Judge | Court | Court Division | Service List | Inactive |
|---|---|---|---|---|---|---|---|---|
| ⊟ GRAY, RACHEL ET AL. VS. AMERIS BANK ET AL. | MCCHCVRE260000005 | eFile | REAL ESTATE | CHANCELLOR DEAN | MONTGOMERY CHANCERY COURT | Civil | Service List | ☐ |

2026-03-26 02:57:02 PM   ANSWER AND VERIFIED DENIAL FOR MWZM AND ANDREW JENSEN

2026-03-26 02:40:32 PM   ORDER DISSOLVING TRO

2026-03-26 02:01:03 PM   COLLECTIVE EXHIBIT 1 - COPIES OF LETTERS

2026-03-26 09:26:06 AM   ORDER (PROPOSED) DISSOLVING TRO

2026-03-26 11:27:47 AM   RETURN OF SUMMONS MACKIE WOLF ZIENTZ & MANN PC - NOT SERVED

2026-03-26 11:22:24 AM   NOTICE OF HEARING - MOTION TO STAY - MACKIE WOLFE ZIENTZ & MANN (4/23/26)

2026-03-26 11:22:24 AM   NOTICE OF HEARING - MOTION TO STAY - DORENMUEHLE MORTGAGE (4/23/26)

2026-03-26 11:22:24 AM   NOTICE OF HEARING - MOTION TO STAY - AMENS BANK (4/23/26)

2026-03-26 11:00:53 AM   MOTION EMERGENCY MOTION TO STAY ENFORCEMENT OF COURT ORDER AND TO STGAY EVICTION PROCEEDINGS

2026-03-26 11:00:53 AM   ABSTRACT OF LIEN LIS PENDENS

2026-03-26 10:59:52 AM   SUMMONS (FILER PREPARED) TO MACKIE WOLF ZIENTZ & MANN PC VIA CERTIFIED MAIL

2026-03-26 10:59:52 AM   SUMMONS (FILER PREPARED) TO DOVENMUEHLE MORTGAGE VIA CERTIFIED MAIL

2026-03-26 10:59:52 AM   SUMMONS (FILER PREPARED) TO AMENS BANK- VIA CERTIFIED MAIL

2026-03-25 03:01:25 PM   CD REQUEST FOR 3/25/26 BY RACHEL GRAY

2026-03-24 04:01:36 PM   NOTICE OF INTENT TO APPEAR VIRTUALLY BY WEBEX - RACHEL M. HINKLE-GRAY

2026-03-24 04:01:36 PM   NOTICE FROM RACHEL M. HINKLE-GRAY

2026-03-24 12:22:07 PM   DENIED ORDER

2026-03-23 02:30:22 PM   ORDER (PROPOSED) CONTINUING AND RESETTING EXPEDITED HEARING AND MAINTAINING EMERGENCY RELIEF PENDING RESET HEARING

2026-03-23 02:30:22 PM   DECLARATION OF SAMUEL GRAY IN SUPPORT OF EMERGENCY MOTION TO CONTINUE AND RESET HEARING

2026-03-23 02:30:22 PM   MOTION EMERGENCY MOTION TO CONTINUE AND RESET EXPEDITED HEARING, TO MAINTAIN ALL EXSITING EMERGENCY RELIEF AND STATUS QUO PENDING THE RESET HEARING, AND FOR RELATED PROTECTIVE RELIEF

2026-03-16 10:00:11 AM   ORDER GRANTING EMERGENCY RELIEF, PRESERVING POSSESSION, ENJOINING RECORDING OR DELIVERY OF TRUSTEES DEED, AND SETTING EXPEDITED HEARING - SET 3/25/26

2026-03-16 08:17:25 AM   ORDER GRANTING EMERGENCY RELIEF, PRESERVING POSSESSION, ENJOINING RECORDING OR DELIVERY OF TRUSTEES DEED, AND SETTING EXPEDITED HEARING

2026-03-12 03:48:56 PM   ORDER (PROPOSED) GRANTING EMERGENCY RELIEF, PRESERVING POSSESSION, ENJOINING RECORDING OR DELIVERY OF TRUSTEES DEED, AND SETTING EXPEDITED HEARING

2026-03-12 03:46:48 PM   COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, BREACH CONTRACT, ACCOUNTING, AND OTHER RELIEF

2026-03-12 03:08:11 PM   ORDER RESETTING HEARING REGARDING TEMPORARY INJUNCTION (4/9/26)

2026-02-06 03:48:55 PM   RESPONSE TO THE PETITION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION WITH BRIEF MEMORANDUM OF LAW

2026-02-03 08:10:30 AM   RESPONSE TO COURT ORDER REGARDING INJUNCTION BOND

2026-01-22 01:13:51 PM   ORDER (PROPOSED) PLAINTIFFS PROPOSED ORDER FOR TEMPORARY RESTRAININ ORDER AND PERMANENT INJUNCTION

2026-01-22 01:09:14 PM   SUMMONS (FILER PREPARED) SUMMONS ISSSUED TO MACKIE WOLF ZIENTZ & MANN, P.C.

2026-01-22 01:09:14 PM   SUMMONS (FILER PREPARED) SUMMONS ISSUED TO DOVENMUEHLE MORTGAGE

2026-01-22 01:09:14 PM   SUMMONS (FILER PREPARED) SUMMONS ISSUED TO AMENS BANK PER CERT. MAIL

2026-01-22 11:23:05 AM   PETITION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

Case 3:26-cv-00381   Document 1-1   Filed 03/31/26   Page 1 of 156 PageID #: 10

1/2



**DEFENDANT'S EXHIBIT**

**B-1**

# CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

A TRUE COPY ATTEST

FILED 1-22 2026

HEATHER L. MOORE, C&M

Rachel M Hinkle-Gray, Samuel Gray

VS.

Moxie Wolf Zientz, Mann, P.C.

SUMMONS TO: 725 Cool Springs Blvd

Suite 140

Franklin, TN 37067

CASE NO.
MC-CH-CV- RE - 26 - 5

**METHOD OF SERVICE:**
☐ MONTGOMERY CO. SHERIFF
☐ SECRETARY OF STATE
☒ CERTIFIED MAIL
☐ COMM. OF INSURANCE
☐ PRIVATE PROCESS
☐ OUT OF COUNTY SHERIFF
☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 1-22-26

ATTORNEY NAME & ADDRESS Rachel M. Hinkle-Gray
754 Terrace Creek Ln
Clarksville, TN 37040

HEATHER L. MOORE
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

By Kaitli Powell

Deputy Clerk and Master

*********************************************************************************************

## RETURN ON PERSONAL SERVICE OF SUMMONS

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☐ I was unable to execute this summons and a copy of the Complaint because _____

On this the _____ day of _____, 20___    _____

Sheriff / Process Server

*********************************************************************************************

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20___, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-___-___-___ to the Defendant, _____. On _____, 20___ I received the return receipt, which had been signed by _____ on _____, 20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____

Person authorized by statute to serve process

*********************************************************************************************

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

*********************************************************************************************

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

1-22-26

Date

Kaitli Powell

Deputy Clerk & Master

✎ADA – FOR ASSISTANCE CALL (931) 920-1844

ELECTRONICALLY FILED 2026 Jan 22 11:23 AM - MCCHCVRE260000005 Montgomery County, Chancery Court

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

| | |
|---|---|
| RACHEL M. HINKLE GRAY. | ) |
| SAMUEL GRAY | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERIS BANK | ) |
| MACKIE WOLF ZIENTZ & MANN, P.C. | ) |
| DOVENMUEHLE MORTGAGE | ) |
| | ) |
| Defendants. | ) |

A TRUE COPY ATTEST

FILED 1/22 26

HEATHER F. MOORE, C&M

## PETITION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION

To the Honorable Judge of the Chancery Court of Montgomery County:

### 1. Introduction
1.1. Petitioners, Rachel M. Hinkle Gray and Samuel Gray, hereby seek a Temporary Restraining Order (TRO) and a permanent injunction against the Defendants, Ameris Bank, Mackie Wolfe Zientz & Mann, P.C., and Dovenmuehle Mortgage, to enjoin the further enforcement of the sale of their property located at 954 Terrace Creek Ln, Clarksville, TN 37040, due to violations of statutory foreclosure regulations and breach of contract (Deed of Trust) which have resulted in the wrongful sale of their property back to the bank.

### 2. Jurisdiction and Venue
2.1. This Court has jurisdiction pursuant to Tennessee Code Annotated § 16-11-102.
2.2. Venue is appropriate in Montgomery County, Tennessee, since the property in question is situated within this jurisdiction.

### 3. Factual Background and Timeline of Events
3.1. On September 21, 2022, Petitioners entered into a mortgage agreement with the Defendants regarding the aforementioned property.
3.2. On November 3, 2025, Petitioners engaged in discussions with the Defendants regarding loss mitigation. During this conversation, they were informed that their application was still under review, with no communicated impending sale date.
3.3. On November 29, 2025, the Plaintiffs followed up and were also requested to provide additional information without notice of an active foreclosure, constituting improper notification as required by Tennessee law.
3.4. On December 12, 2025, their appeal was denied; however, the Defendants indicated there was no active foreclosure and provided options for further assistance.
3.5. On December 21, 2025, Petitioners resubmitted their application, which should have kept

them within the loss mitigation timeline.

3.6. On December 29, 2025, Plaintiff spoke with Loss Mitigation to follow up on the application and was informed that there was no update and to call back. Loss Mitigation subsequently called Plaintiff back and left a voicemail. Upon returning the call, Plaintiff was informed that several documents were needed to complete and review the application. There was no mention of any sale date or active foreclosure that could be seen at that time.

3.7. On January 5, 2026, additional documentation was submitted to the Defendants in support of their loss mitigation application.

3.8. On January 12, 2026, they were informed by the Defendants that they were outside the 37-day window for loss mitigation applications, despite being within the allowable timeframe based on prior information.

3.9. On January 13, 2026, Petitioners were informed that their property had been sold back to the Defendants on January 8, 2026, while their application was still under consideration.

3.10. On January 14, 2026, during a conversation with Mackie Wolf Zientz & Mann, P.C., they learned of a notice changing the sale date from November 20, 2025, to January 8, 2026, which they never received. This lack of notification demonstrates improper notice in violation of Tennessee Code Annotated § 35-5-101 and possibly contravenes CFPB guidelines regarding timely borrower communication.

3.11. On January 15, 2026, Plaintiff submitted a formal complaint to the CFPB against all parties involved, citing violations of federal regulations and state law concerning loss mitigation and foreclosure procedures.

3.12. On January 21, 2026, Plaintiff spoke with Loss Mitigation, where she was informed that no foreclosure notice had been located on her account, despite the completion of the sale. Plaintiff was advised to seek legal counsel regarding this matter.

3.13. Additionally, per Tennessee law, the lender is required to publish notice of the foreclosure sale in a local newspaper prior to the sale date. There was no public notice for the January 8, 2026 sale, constituting a further violation of legal requirements.

3.14. When a Tennessee foreclosure sale date is postponed, lenders and trustees are required to formally announce the new date, time, and location of the sale. If the delay exceeds 30 days, they must mail a new notice to the borrower and potentially re-publish the notice. According to Mackie Wolf Zientz & Mann, P.C., the last notice that was allegedly sent out was on October 27, 2025. This notification date well exceeds the 30-day requirement, and the Plaintiffs assert that no such notice was ever received.

3.15. The Defendants have not acknowledged any error in the handling of this matter, citing an incomplete application as the reason for the sale.

### 4. Grounds for Petition

4.1. The Plaintiffs are entitled to a TRO and permanent injunction to prevent the enforcement of the wrongful foreclosure, as they have a likelihood of success on their breach of contract claim due to improper notice and failure to adhere to legal timelines.

4.2. Tennessee Code Annotated § 35-5-101 mandates proper notice, and its absence, combined with a pending loss mitigation application, constitutes grounds for injunctive relief. The CFPB's regulations further emphasize the necessity of transparent communication during loss mitigation processes to avoid wrongful foreclosures.

4.3. The Plaintiffs will suffer irreparable harm if the foreclosure is not temporarily restrained, as they risk losing their home unjustly.

4.4. The balance of hardships tips in favor of the Plaintiffs, as preserving their home outweighs any potential harm to the Defendants.

**5. Prayer for Relief**
WHEREFORE, Petitioners respectfully request that this Honorable Court grant the following relief:
a. Issue a TRO to immediately halt all actions related to the wrongful foreclosure against the Plaintiffs' property;
b. Schedule a hearing for a permanent injunction to prevent any further actions regarding the wrongful foreclosure and sale of the property;
c. Award Petitioners attorney's fees and costs incurred in this action;
d. Grant any further relief the Court deems just and equitable.

Dated this January 22, 2026.

Respectfully submitted,

Rachel M. Hinkle Gray
**Samuel Gray**
954 Terrace Creek Ln.
Clarksville, TN 37040
216.413.9657
rgray101218@gmail.com

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period

TENNESSEE – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3043 1/01
ICE Mortgage Technology, Inc.     Page 8 of 10

TNEDEED   1116
TNEDEED (CLS)
09/21/2022 08:03 AM PST



after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Trustee shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable Law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided in Section 15. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and under the terms designated in the notice of sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at will of the purchaser and hereby agrees to pay the purchaser the reasonable rental value of the Property after sale.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. **Waivers.** Borrower waives all right of homestead, equity of redemption, statutory right of redemption and relinquishes all other rights and exemptions of every kind, including, but not limited to, a statutory right to an elective share in the Property.

TENNESSEE – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3043 1/01
ICE Mortgage Technology, Inc.                          Page 9 of 10                          TNEDEED   1116
                                                                                            TNEDEED (CLS)
                                                                                   09/21/2022 08:03 AM PST



Rachel M. Hinkle-Gray
954 Terrace Creek Ln.
Clarksville, TN 37040
rgray101218@gmail.com
216.413.9657
1/5/2025

Ameris Bank
3490 Piedmont Rd. NE. Suite 1550
Atlanta, GA 30305

**RE: Non-Payroll Deposits**

████ No. 150229018█

Dear Ameris Bank Loss Mitigation Dept,

As requested, I am writing to clarify the non-payroll deposits in my bank account as part of your review. The deposits made by my husband, Samuel Gray, are intended to help support our household expenses, including groceries, personal care items, household supplies, and gas. These funds are essential for our daily living needs and are not considered income in the traditional sense.

Additionally, any deposits from my ex-husband, Johnny Payne, are specifically for child support. These funds are directed towards the care and well-being of our children, covering essential needs such as clothing and school supplies. Furthermore, I have received deposits from my sister, Sonia Dorsey. These contributions have been made to assist me during my period of unemployment, helping me to manage my daily expenses.

I appreciate your understanding of my situation, and I hope this explanation provides the clarity needed regarding these deposits. If you require any further information or documentation, please do not hesitate to reach out.

Thank you for your attention to this matter. I look forward to your response.

Sincerely,

Rachel M. Hinkle-Gray
954 Terrace Creek Ln.
Clarksville, TN 37040
rgray101218@gmail.com
216.413.9657
12/18/2025

Ameris Bank
3490 Piedmont Rd. NE. Suite 1550
Atlanta, GA 30305

**RE: Appeal of Loss Mitigation Application Denial**

Dear Ameris Bank Loss Mitigation Dept,

I hope this letter finds you well. I am writing to formally appeal the recent denial of our loss mitigation application for our mortgage, account number #1502290180. The denial was based on the perception that my husband's income is sufficient to cover our mortgage payments at the mandated amount at this time. However, I would like to provide additional context regarding our financial situation.

I have not been employed since October 1, 2024. While my husband has income, it is important to note that, due to my unemployment, we have been facing substantial financial challenges. The delay in mortgage payments over the past year, has allowed my husband to allocate funds towards other essential obligations, both within and outside the home. This has led to a misunderstanding that he has the means to cover the mortgage when, in fact, we are experiencing a hardship to manage our overall financial commitments due to my loss if income at this time.

We are committed to keeping our home and would like to discuss the possibility of adjusting the mortgage payment based on our current financial circumstances or a forbearance if that is an option. I understand the importance of meeting our mortgage obligations and have been actively seeking employment, participating in several interviews, though I have yet to secure a position. I am determined to find work and help to stabilize our financial situation.

In support of this appeal, I am willing to attach relevant documents that provide additional context, including proof of my unemployment, recent job applications, and details of interviews I have attended if requested.

I sincerely hope we can negotiate a forbearance or a modified mortgage payment that reflects our current circumstances and allows us to maintain our home. I appreciate your understanding and consideration of my appeal. I would greatly appreciate the opportunity to speak with someone about potential solutions that could support our situation.

Thank you for your attention to this matter. I look forward to your prompt response.

Warm regards,

Rachel M. Hinkle-Gray

Rachel M. Hinkle-Gray
954 Terrace Creek Ln.
Clarksville, TN 37040
rgray101218@gmail.com
216.413.9657
1/13/2026

Ameris Bank
3490 Piedmont Rd. NE. Suite 1550
Atlanta, GA 30305

**RE: Official and Formal Complaint Regarding Wrongful Foreclosure and Property Sale**



To the Foreclosure Department and Loss Mitigation Department of Ameris Bank,

I am writing to submit my official and formal complaint regarding the wrongful foreclosure and subsequent sale of my property located at **954 Terrace Creek Ln, Clarksville, TN 37040**. It has come to my attention that my home was sold without adequate communication or notification from Ameris Bank, thereby violating my rights as a homeowner and not adhering to established legal protocols under Tennessee law.

Throughout this process, I have maintained communication with your Loss Mitigation Department but received insufficient information regarding my mortgage status. I was informed on October 24, 2025, that the last correspondence regarding my foreclosure status had been sent. On November 3, 2025, I discussed loss mitigation with your representatives, while my husband actively submitted the required documents for our application. However, we received our first denial of the loss mitigation application on November 29, 2025, after which we had a statutory seven days to appeal.

The appeal was submitted on December 3, 2025, which should have facilitated the halting of foreclosure proceedings, thereby protecting my rights as stipulated in Tennessee Code Annotated Title 35, Chapter 5, concerning the timing of foreclosure sales. Unfortunately, the appeal was denied and on December 12, 2025, during a conversation with a Customer Service Agent, who advised me to reapply with an updated hardship letter, explicitly assured me there was no active foreclosure or sale date.

After resubmitting on December 21, 2025, I did not receive any timely follow-up regarding the status of my application. I followed up on December 29, 2025, wherein I was informed there were no updates, but was later prompted to return a phone call in which I was requested to provide additional documentation to complete the application process. I indicated that this documentation would be submitted by January 3, 2026, due to the holiday.

Despite submitting the requested documentation on January 5, 2026, I was informed on January 12, 2026, that my home had been sold to the bank on January 8, 2026. I was only made aware of

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 11 of 156 PageID #: 20

a 37-day period for submitting loss mitigation applications during this exchange, a critical piece of information that had not been previously communicated to me. Furthermore, on January 13, 2026, I learned from Customer Service Agents that my home had reverted to active foreclosure on December 12, a fact that had also been inadequately communicated.

It is imperative to highlight that, under Tennessee law, lenders are required to provide clear and timely communication to homeowners regarding their mortgage status and any pending foreclosure proceedings. The failure to honor these legal obligations constitutes a violation of my rights under the relevant statutes governing foreclosure and sale of property.

Additionally, I emphasize the necessity of receiving a detailed explanation for the denial of my loss mitigation applications, particularly given my unemployment, which was presented as an acceptable reason for financial hardship. All calls and notes on file must be retrieved and reviewed to ensure transparency and proper handling of my case.

The emotional and financial toll of this situation has been immense, and I insist on a comprehensive investigation into these matters. Therefore, I formally request:

1. A complete timeline of all communications sent to me regarding my mortgage status and the foreclosure processes.
2. Clarification on the decision-making process that led to the foreclosure without prior notification.
3. Documentation supporting the legitimacy of the foreclosure proceedings and the sale of my home.
4. A detailed explanation for the denial of my loss mitigation applications, specifically regarding the consideration of my unemployment as a hardship.

Thank you for your urgent attention to this serious matter. I anticipate a prompt response, enumerating a clear plan of action to rectify this wrongful foreclosure. It is my hope that we can reach an equitable resolution allowing for the retention of the property through a modified mortgage payment, as expressly requested in both of my hardship letters.

Please find below a timeline of my communications and actions regarding my loss mitigation application:

- **October 24, 2025**: I was informed by your Loss Mitigation Department that this was the last correspondence communicated regarding my foreclosure status.
- **November 3, 2025**: I engaged in a conversation with the bank regarding loss mitigation; my husband was actively submitting the requisite documentation to support our application.
- **November 29, 2025**: We received our first official denial of the loss mitigation application. We were provided seven days from the date of this denial to submit an appeal as mandated by law.
- **December 3, 2025**: The appeal was submitted; we were still within our legally prescribed 30-day appeal process, which should have resulted in a suspension of foreclosure proceedings.

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 12 of 156 PageID #: 21

- **December 12, 2025**: The appeal was denied. During my interaction with a Customer Service Agent in the Loss Mitigation Department, I was advised to reapply with an updated hardship letter and presented with three options for assistance, including loan modification and/or forbearance. I was explicitly assured that there was no scheduled sale date nor was there an active foreclosure pending at that time. An email was sent to me with the Loss Mitigation application attached.
- **December 21, 2025**: I resubmitted a new application for loss mitigation complete with my updated hardship letter and modification request. I did not receive any follow-up communications, either calls or emails, regarding the status of my application.
- **December 29, 2025**: I initiated a follow-up call to the Loss Mitigation Department concerning my application submitted on December 21. I was informed that there were no updates available and advised to check back at a later time. Subsequently, I received a voicemail instructing me to contact them regarding my application. I engaged with Customer Service Agent KCU, who informed me of several additional documents required to complete the application. I communicated that we would provide this information by January 3, 2026, due to the holiday season.
- **January 5, 2026**: I submitted the requested documentation to Loss Mitigation.
- **January 12, 2026**: Upon following up with a Customer Service Agent, I was informed that my home had been sold to the bank on January 8, 2026. I was not made aware of a 37-day window to complete the loss mitigation application while a sale date was established, information that I learned solely during this call. Furthermore, I was told that my application was received on January 5, 2026, reviewed on January 7, 2026, and my property sold on January 8, 2026.
- **January 13, 2026**: I spoke with multiple Customer Service Agents in both the Foreclosure Department and Loss Mitigation. The same Customer Service Agent who had assured me on December 12 that no active sale date or foreclosure existed informed me that my property had reverted to active foreclosure on December 12—an assertion that was never communicated to me prior. Another Loss Mitigation Customer Service Agent indicated that her manager, Eucenia, would return my call, only to later inform me that Eucenia is not a "Manager" but only a team lead and, therefore, unable to assist me, stating bluntly, "your house is sold." The representative made further disrespectful remarks, questioning, "If we did give you the option, could you really pay that past due amount?" and, when verifying my address, stated, "Can you verify your address, well, what used to be your address?" This conduct is not only unprofessional but also highly insensitive to my predicament.

Sincerely,



Rachel M. Hinkle-Gray

Acct. No. ██████████

Case 3:26-cv-00381     Document 1-1     Filed 03/31/26     Page 13 of 156 PageID #: 22

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077


*2405626133*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

Rachel Hinkle Gray
954 TERRACE CREEK LN
CLARKSVILLE, TN 37040-1430



**MACKIE WOLF ZIENTZ & MANN, P.C.**
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
RACHEL HINKLE GRAY
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE: Loan No. : ▉▉▉▉▉▉▉
MWZM No.: 25-000043-391-8
Property: 954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear RACHEL HINKLE GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

*- This was NEVER sent to my home. I recieved this via email on Jan. 14. 2026 from Mackie Wolf Zientz Mann, P.C.*



Mackie Wolf Zientz & Mann, P.C.,
PO Box 9077
Temecula, CA 92589-9077



9314 7100 1170 1218 2336 44

Send Correspondence to:
MWZM office address per enclosures

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

**RETURN RECEIPT REQUESTED**

Rachel Hinkle Gray
954 TERRACE CREEK LN
CLARKSVILLE, TN 37040-1430



# SUBSTITUTE TRUSTEE'S SALE

Sale at public auction will be on **November 20, 2025 on or about 12:00PM local time**, at the Montgomery County Courthouse, Clarksville, Tennessee, conducted by the Co-Substitute Trustees as identified and set forth herein below, pursuant to Deed of Trust executed by SAMUEL GRAY AND RACHEL HINKLE GRAY, to Massey Title & Escrow, LLC, Trustee, on September 21, 2022, at Record Book 2253, Page 1235-1252 as Instrument No. 1398409 in the real property records of Montgomery County Register's Office, Tennessee.

Owner of Debt: Ameris Bank

The following real estate located in Montgomery County, Tennessee, will be sold to the highest call bidder subject to all unpaid taxes, prior liens and encumbrances of record:

**BEING LOT NO. 43, ON THE PLAN OF TERRACES OF HEARTHSTONE SUBDIVISION SECTION 1, as shown by plat of record in Plat F, Page 446, Register's Office for Montgomery County, Tennessee, to which plat reference is hereby made for a more complete description.**

**Being the same property conveyed to Samuel Gray and Rachel Hinkle Gray, by deed of record in ORBV 2253, Page 1232, in the Register's Office for Montgomery County, Tennessee.**

Tax ID: 016I-B-005.00

Current Owner(s) of Property: SAMUEL GRAY AND RACHEL HINKLE GRAY

The street address of the above described property is believed to be 954 Terrace Creek Lane, Clarksville, TN 37040, but such address is not part of the legal description of the property sold herein and in the event of any discrepancy, the legal description referenced herein shall control.

SALE IS SUBJECT TO OCCUPANT(S) RIGHTS IN POSSESSION.

THE RIGHT IS RESERVED TO ADJOURN THE DAY OF THE SALE TO ANOTHER DAY, TIME AND PLACE CERTAIN WITHOUT FURTHER PUBLICATION, UPON ANNOUNCEMENT AT THE TIME AND PLACE FOR THE SALE SET FORTH ABOVE. THE TERMS OF SALE ARE CASH. ANY TAXES OR FEES WILL BE THE RESPONSIBILITY OF THE PURCHASER. IF THE SALE IS SET ASIDE FOR ANY REASON, THE PURCHASER AT THE SALE SHALL BE ENTITLED ONLY TO A RETURN OF THE PURCHASE PRICE. THE PURCHASER SHALL HAVE NO FURTHER RECOURSE AGAINST THE GRANTOR, THE GRANTEE, OR THE CO-TRUSTEES.

OTHER INTERESTED PARTIES: THE GRAY FAMILY LIVING ESTATE TRUST AND THE TERRACES OF HEARTHSTONE HOMEOWNERS ASSOCIATION, INC.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



If applicable, the notice requirements of T.C.A. 35-5-101 have been met.

All right of equity of redemption, statutory and otherwise, and homestead are expressly waived in said Deed of Trust, but the undersigned will sell and convey only as Co-Substitute Trustee(s).

If the U.S. Department of Treasury/IRS, the State of Tennessee Department of Revenue, or the State of Tennessee Department of Labor or Workforce Development are listed as Interested Parties in the advertisement, then the Notice of this foreclosure is being given to them and the Sale will be subject to the applicable governmental entities' right to redeem the property as required by 26 U.S.C. 7425 and T.C.A. §67-1-1433.

This property is being sold with the express reservation that the sale is subject to confirmation by the lender or co-trustee(s). If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the purchase price. The Purchaser shall have no further recourse against the Trustor, the Trustee or the Trustee's attorney.

MWZM File No. 25-000043-391-8
For additional sale information visit: https://www.tnforeclosurenotices.com

Mackie Wolf Zientz & Mann, P.C., Co-Substitute Trustee
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067

AVT Title Services, LLC, Co-Substitute Trustee
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067

TN INVESTORS PAGE: HTTP://MWZMLAW.COM/TN_INVESTORS.PHP

—This was sent certified mail.—




**AMERIS BANK**
MORTGAGE SERVICES

October 28, 2025

MS1710

Samuel Gray
Rachel Hinkle Gray
P.O. Box 30098
Clarksville TN 37040-

Loan Number:

Description of Mortgaged Property: 954 Terr Creek Ln
                                    Clarksville TN 37040

Dear Samuel Gray and Rachel Hinkle Gray :

This letter is to inform you that your Single Point of Contact (SPOC) for loss mitigation communication in regard to the mortgage loan referenced above has changed.

Your new SPOC will be Sharon Spata and may be reached directly at 1-847-550-7355 X 6909 to answer any questions or concerns you may have about the loss mitigation process. You may also call our dedicated support team for assistance at 1-866-397-5370.

Sincerely,

Loss Mitigation Department                          LM152/SRM

what process do lenders/banks  ✕  🎤  📷  🔍

**AI Mode**    All    News    Images    Shopping    Short videos    Videos    More ▾    Tools ▾

◆ AI Overview

When a Tennessee foreclosure sale date is postponed, lenders/trustees must formally announce the new date, time, and location at the sale site; and if the delay exceeds 30 days, they must mail a new notice to the borrower, and potentially publish it again (though recent law changes aim to simplify notice requirements, making online publication key). Lenders must follow T.C.A. § 35-5-101, allowing postponements up to one year from the original date, ensuring clear communication about the rescheduled sale for transparency, especially if the adjournment is lengthy.

**Key Lender/Trustee Actions for Postponements:**

1. **Public Announcement:** The trustee must announce the new sale date, time, and location at the actual auction site where the original sale was set.

2. **Written Notice (for longer delays):** If the postponement is more than 30 days, a written notice of the new sale date must be mailed to the borrower (and co-borrowers).

3. **New Notice Publication:**

   1. **Traditional:** Historically, new newspaper publication was required for significant delays.

   2. **Modern (Effective July 1, 2025):** Tennessee law now requires foreclosure notices to be published online, reducing newspaper publication from three to two weeks, making digital notices crucial for new dates.

4. **Flexibility:** Tennessee law (T.C.A. § 35-5-101) allows trustees to adjourn sales multiple times for up to one year from the original date to work with borrowers or market the property, providing creditor flexibility.

**Why Postponements Happen:**

- **Borrower Workout:** Homeowners might arrange loan modifications, pay the debt, or enter forbearance.

- **Lender Flexibility:** Allows time for loss mitigation or to find a better market.

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 20 of 156 PageID #: 29

**In Summary:** Postponing a foreclosure in TN isn't just a simple change; it triggers specific legal notification duties for the lender to ensure the borrower and public are informed, balancing creditor rights with homeowner protection, and increasingly relying on digital platforms for notices.

### Faster and more flexible foreclosures: Tennessee revises ...

Jun 22, 2011 — In the third bill, T.C.A. § 35-5-101 was amended to provide that a foreclosure sale could be postponed and adjourned multiple time...



Lexology  ⋮

### A Modern Solution for Foreclosure Notices—Why ...

Starting July 1, 2025, Tennessee's foreclosure process officially entered the digital era. A new state law now requires foreclosur...



TN Bankers Association  ⋮

### Why Would A Foreclosure Auction Be Cancelled? - CountyOffice.org

May 9, 2025 — it might seem surprising. but there are several reason...



YouTube · County Office Property  ⋮

Show all

Dive deeper in AI Mode

AI responses may include mistakes. For legal advice, consult a professional. Learn more



Tennessee Housing Development Agency »
https://thda.org › help-for-homeowners › stages-of-fore...

## Stages of Foreclosure          ⋮

When a **loan is** 90 days past due, the **lender** may initiate acceleration **procedures** by sending a letter notifying the borrower **that foreclosure is** the next step.  Read more

Missing: ~~postponed~~ | Show results with: postponed

## People also ask  ⋮


# TN  Foreclosure Notice    Home    Contact Us    ☾

# FORECLOSURES IN TENNESSEE

# Results

*Results for County: Montgomery*

25    Entries Per Page                Search:

**— There are no listings for 954 Terrace Creek Ln, Clarksville TN 37040**

**Sale Notice:**  TNFN#13062

**County:**  Montgomery

**Original Sale Date:**  Thu 08, Jan 2026

**Address:**  731 Sleek Fox Drive, Clarksville, TN 37040,

**Firm:**  Mackie Wolf Zientz & Mann, P.C.,

**PP Sale Date:**
*(Thu 08, Jan 2026)*

**Sale Location:**  at the Montgomery County Courthouse, Clarksville, Tennessee

**Sale Time:**  12:00 pm

**Auction Vendor:**  AVT Title Services ( TN )

**Sale Notice:**  TNFN#13153

**County:**  Montgomery

**Original Sale Date:**  Thu 22, Jan 2026

Case 3:26-cv-00384    Document 1-1    Filed 03/31/26    Page 22 of 156 PageID #: 31

**Address:** 1372 Constitution Drive, Clarksville, TN 37042,

**Firm:** Mackie Wolf Zientz & Mann, P.C..

**PP Sale Date:**
*(Thu 22, Jan 2026)*

**Sale Location:** at the Montgomery County Courthouse, Clarksville, Tennessee

**Sale Time:** 12:00 pm

**Auction Vendor:** AVT Title Services ( TN )


**Sale Notice:** TNFN#13225

**County:** Montgomery

**Original Sale Date:** Tue 20, Jan 2026

**Address:** 2618 UNION HALL RD, CLARKSVILLE, TN 37040

**Firm:** Western Progressive – Tennessee, Inc.

**PP Sale Date:**
*(Thu 19, Feb 2026)*

**Sale Location:** at the Inside the 2nd Floor Lobby of the Montgomery County Courthouse, 2 Millenium Plaza, Clarksville, TN 37040, Montgomery County, Tennessee

**Sale Time:** 12:00 pm

**Auction Vendor:** Hubzu


**Sale Notice:** TNFN#13337

**County:** Montgomery

**Original Sale Date:** Thu 05, Mar 2026

**Address:** 1057 Chardea Drive, Clarksville, TN 37040

**Firm:** Mackie Wolf Zientz & Mann, P.C.

**PP Sale Date:**
*(Thu 05, Mar 2026)*

**Sale Location:** Montgomery County Courthouse, Clarksville, Tennessee

**Sale Time:** 12:00 pm

**Auction Vendor:** AVT Title Services ( TN )

**Sale Notice:** TNFN#12926

**County:** Montgomery

**Original Sale Date:** Thu 11, Dec 2025

**Address:** 3758 Silver Fox Lane, Clarksville, TN 37040,

**Firm:** Mackie Wolf Zientz & Mann, P.C.,

**PP Sale Date:**
*(Thu 12, Mar 2026)*

**Sale Location:** at the Montgomery County Courthouse, Clarksville, Tennessee

**Sale Time:** 12:00 pm

**Auction Vendor:** AVT Title Services ( TN )

Showing 1 to 5 of 5 entries

«  ‹  | 1 |  ›  »

© 2026 TN Foreclosure Notice.

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 24 of 156 PageID #: 33    3/3

Trustee.

This Notice of Sale can be viewed online by Better Choice Notice Solutions at HTTPS://

BetterChoiceNotices.com

LLG Trustee TN LLC

Substitute Trustee

8520 Cliff Cameron Dr., Suite 330

Charlotte, NC 28269

Phone (704) 333-8107

Fax (704) 333-8156 File No. 25-125966

|

SUBSTITUTE TRUSTEE'S SALE

Sale at public auction will be on November 20, 2025 on or about 12:00 PM local time, at the

Montgomery County Courthouse, Clarksville, Tennessee, conducted by the Co-Substitute

Trustees as identified and set forth herein below, pursuant to Deed of Trust executed by

SAMUEL GRAY AND RACHEL HINKLE GRAY, to Massey Title & Escrow, LLC, Trustee, on

September 21, 2022, at Record Book 2253, Page 1235-1252 as Instrument No. 1398409 in the

real property records of Montgomery County Register's Office, Tennessee.

Owner of Debt: Ameris Bank

The following real estate located in Montgomery County, Tennessee, will be sold to the highest

call bidder subject to all unpaid taxes, prior liens and encumbrances of record:

BEING LOT NO. 43, ON THE PLAN OF TERRACES OF HEARTHSTONE SUBDIVISION

SECTION 1, as shown by plat of record in Plat F, Page 446, Register's Office for

Montgomery County, Tennessee, to which plat reference is hereby made for a more complete

description.

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 25 of 156 PageID #: 34

Being the same property conveyed to Samuel Gray and Rachel Hinkle Gray, by deed of record in ORBV 2253, Page 1232, in the Register's Office for Montgomery County, Tennessee.

Tax ID: 016I-B-005.00

Current Owner(s) of Property: SAMUEL GRAY AND RACHEL HINKLE GRAY

The street address of the above described property is believed to be 954 Terrace Creek Lane, Clarksville, TN 37040, but such address is not part of the legal description of the property sold herein and in the event of any discrepancy, the legal description referenced herein shall control.

SALE IS SUBJECT TO OCCUPANT(S) RIGHTS IN POSSESSION.

THE RIGHT IS RESERVED TO ADJOURN THE DAY OF THE SALE TO ANOTHER DAY, TIME AND PLACE CERTAIN WITHOUT FURTHER PUBLICATION, UPON ANNOUNCEMENT AT THE TIME AND PLACE FOR THE SALE SET FORTH ABOVE. THE TERMS OF SALE ARE CASH. ANY TAXES OR FEES WILL BE THE RESPONSIBILITY OF THE PURCHASER. IF THE SALE IS SET ASIDE FOR ANY REASON, THE PURCHASER AT THE SALE SHALL BE ENTITLED ONLY TO A RETURN OF THE PURCHASE PRICE. THE PURCHASER SHALL HAVE NO FURTHER RECOURSE AGAINST THE GRANTOR, THE GRANTEE, OR THE CO-TRUSTEES.

OTHER INTERESTED PARTIES: THE GRAY FAMILY LIVING ESTATE TRUST AND THE TERRACES OF HEARTHSTONE HOMEOWNERS ASSOCIATION, INC.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If applicable, the notice requirements of T.C.A. 35-5-101 have been met.

All right of equity of redemption, statutory and otherwise, and homestead are expressly waived

in said Deed of Trust, but the undersigned will sell and convey only as Co-Substitute Trustee(s).

If the U.S. Department of Treasury/IRS, the State of Tennessee Department of Revenue, or the State of Tennessee Department of Labor or Workforce Development are listed as Interested Parties in the advertisement, then the Notice of this foreclosure is being given to them and the Sale will be subject to the applicable governmental entities' right to redeem the property as required by 26 U.S.C. 7425 and T.C.A. §67-1-1433..

This property is being sold with the express reservation that the sale is subject to confirmation by the lender or co-trustee(s). If the sale is set aside for any reason, the Purchaser at the sale shall

be entitled only to a return of the purchase price. The Purchaser shall have no further recourse against the Trustor, the Trustee or the Trustee's attorney.

MWZM File No. 25-000043-391-8

For additional sale information visit: https://www.tnforeclosurenotices.com

Mackie Wolf Zientz & Mann, P.C., Co-Substitute Trustee

PARK EAST

725 COOL SPRINGS BLVD, SUITE 140

FRANKLIN, TN 37067

AVT Title Services, LLC, Co-Substitute Trustee

PARK EAST

725 COOL SPRINGS BLVD, SUITE 140

FRANKLIN, TN 37067

TN INVESTORS PAGE: HTTP://MWZMLAW.COM/TN_INVESTORS.PHP

[

SUBSTITUTE TRUSTEE'S SALE

Case 3:26-cv-00381   Document 1-1   Filed 03/31/26   Page 27 of 156 PageID #: 36

 complaints against ameris bank   ✕   🎤   📷   🔍

AI Mode   All   News   Videos   Shopping   Images   Short videos   More ▾   Tools ▾

◇ AI Overview

Complaints against Ameris Bank regarding loss mitigation and mortgage servicing often allege poor communication, unresponsiveness, and unjustified threats of foreclosure, despite borrowers' efforts to secure modifications.

## Key Complaints Regarding Loss Mitigation

- **Failed Loan Modifications & Foreclosure Threats:** Borrowers have reported that despite attempting to work with the bank in good faith, they faced denials, conflicting information, and returned payments.

- **Unresponsive Servicing:** Complaints filed with the Consumer Financial Protection Bureau (CFPB) have highlighted inconsistent communication and a lack of responsiveness, leading to increased debt and housing instability.

- **Discriminatory Lending Practices (Redlining):** In October 2023, the Department of Justice (DOJ) reached a $9 million settlement with Ameris Bank over allegations of "redlining"—avoiding providing mortgage services to majority-Black and Hispanic neighborhoods in Jacksonville, Florida, between 2016 and 2021.

- **Failure to Assist Underserved Communities:** The DOJ complaint alleged that Ameris failed to provide equal access to mortgage services and failed to take corrective action to address the risk of discrimination.

## Settlement and Required Actions

As part of the settlement, Ameris Bank was required to:

- Invest at least **$7.5 million** in a loan subsidy fund to increase access to home loans, improvements, and refinancing in majority-Black and Hispanic neighborhoods.

- Spend **$900,000** on advertising and outreach, and **$600,000** on community partnerships.

- Open a new branch in a majority-Black and Hispanic neighborhood.

## Response from Ameris Bank

Ameris Bank has stated that they "firmly deny violating" fair lending laws and entered into

Case 3:26-cv-00381     Document 1-1     Filed 03/31/26     Page 28 of 156 PageID #: 37


Consumer Financial
Protection Bureau

<Back to search results (cfpb.gov/data-research/consumer-complaints/search/)
What do all these data points mean? (cfpb.gov/complaint/data-use/)

# 13250569

**Date CFPB received the complaint**

4/30/2025

**Consumer's state**

GA

**Consumer's zip**

30327

**Submitted via**

Web

**Did consumer dispute the response?**

N/A

**Product**

## Mortgage

Sub-product: Conventional home mortgage

**Issue**

## Struggling to pay mortgage

Sub-issue:

Applying for or obtaining a modification, forbearance plan, short sale, or deed-in-lieu

**Consumer consent to publish narrative**

✅ Consent provided

## Consumer complaint narrative

Summary of Complaint : I am filing this complaint against Ameris Bank regarding my mortgage loan ( # XXXX ) due to persistent violations of consumer protection rights, unresponsive servicing, and inconsistent communication that have left me in a prolonged state of housing insecurity for nearly XXXX years. Despite multiple forbearance agreements and repeated attempts to pursue a loan modification in good faith, I have faced denials, conflicting communications, returned payments, and unjustified threats of foreclosure. Timeline of Events : XX/XX/XXXX : I applied for a mortgage forbearance due to a temporary financial hardship after a contract dispute between the XXXX XXXX XXXX with ( as a XXXX XXXX XXXX ) and XXXX XXXX XXXX XXXXXXXX XXXX XXXX XX/XX/XXXX : Forbearance was formally approved due to pandemic-related disruptions, including XXXX XXXX shutdowns. The agreement was renewed at XXXX to XXXX intervals until XX/XX/XXXX. XX/XX/XXXX : I resumed regular monthly mortgage payments and submitted a complete loan

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 29 of 156 PageID #: 38

modification application. I also made periodic additional principal payments during this time. XX/XX/XXXX : My loan modification application was deemed complete. XX/XX/XXXX : Ameris denied the application, citing excess debt and reduced income, despite submitted documentation. XX/XX/XXXX : I presented a certified check for {$350000.00} to Ameris Bank to satisfy the full forbearance balance. A bank representative refused the check, claiming they could not accept it without an official payoff amount from their remote accounting department. To prevent foreclosure, I had to file for bankruptcy. XXXX : I re-applied for a loan modification and submitted over XXXX pages of documentation with the help of my accountant. I continued to make mortgage payments during this period. XX/XX/XXXX : I was again denied due to incomplete documentation, even though I have signed XXXX receipts and confirmation that a full packet was delivered and received. XX/XX/XXXX : After appealing the denial, Ameris requested a reinstatement fee of {$5700.00}. I paid this via certified check on XX/XX/XXXX, and provided proof of delivery. Fall XXXX : I continued to make monthly payments, but Ameris began returning them, stating the amounts were insufficient to cure the full default. XX/XX/XXXX : I received a notice from Ameris that foreclosure proceedings would continue. XX/XX/XXXX : Ameris reversed this decision and issued a letter revoking the foreclosure and permitting regular monthly payments to resumea significant relief. XX/XX/XXXX : Just XXXX days later, Ameris issued a Notice of Breach, claiming default from XX/XX/XXXX to XX/XX/XXXX, XXXX my being in an approved forbearance plan through XX/XX/XXXX and continuing payments into late XXXX. I have attached proof of these payments. Despite repeated effortson my own and with the help of a bankruptcy attorney and now a consumer rights attorneyI have not been able to obtain honest, transparent communication or a consistent resolution from Ameris Bank. My case has been left in limbo, and this prolonged instability has been incredibly distressing, especially as I balance these issues with my full-time responsibility as a XXXX XXXX XXXX serving a vulnerable population.

## Company information

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 30 of 156 PageID #: 39

**Date complaint sent to company**
4/30/2025

**Company name**
AMERIS BANCORP

**Timely response?**
◉ Yes

**Company response to consumer**
Closed with explanation

**Company public response**
N/A

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 31 of 156 PageID #: 40

 Consumer Financial
Protection Bureau

‹ Back to search results (cfpb.gov/data-research/consumer-complaints/search/)
What do all these data points mean? (cfpb.gov/complaint/data-use/)

# 9594973

**Date CFPB received the complaint**

7/23/2024

**Consumer's state**

FL

**Consumer's zip**

XXXXX

**Submitted via**

Web

**Tags**

Servicemember

**Did consumer dispute the response?**

N/A

**Product**

Mortgage

Sub-product: VA mortgage

**Issue**

## Closing on a mortgage

Sub-issue: Closing disclosure or other related disclosures

**Consumer consent to publish narrative**

✓ Consent provided

**Consumer complaint narrative**

I applied for the Ameris bank XXXX choice loan that was advertised on tv. This grant was supposed to assist first time homeowners with down payment assistance and closing costs of {$20000.00}. The grant was as the result of a discrimination complaint that was filed with the Dept of Justice. I now feel that I am a victim of Ameris bank deceptive tactics. The loan officer that handled my loan name was XXXX. I had several issues with how XXXX handled the loan. First, I felt I was being rushed to sign the loan document. Another issue I had was that I felt everything wasnt disclosed up front even though he said it was. For example, I wasnt told upfront that I would need an appraisal done on the home by the VA or there could be prepaid items that I could be responsible for until after I signed the documents. It seemed everything was being informed to me in steps instead of disclosing everything upfront. I felt as if there was always a surprise fee. Second there was some question about my debt to ratio where one minute he told me to that I needed to pay more bills down then came back and told the loan was fine. The third issue is that he told me at closing that I only needed

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 32 of 156 PageID #: 41

about {$1800.00} in cash to close. Then about three days before closing it balloon to {$3000.00}. The fourth issue is that the realtor was given different closing documents than I was. The relator stated her closing documents amounts stated {$5000.00} and she didnt know anything about the {$1800.00} he told me. I wasnt also aware that XXXX also charged some kind of fee to use the grant this was never disclosed or told to me. The fifth issue is that the VA doesnt have them on file for pulling a certificate of eligibility so was this truly a VA XXXX. I spoke to XXXX afterwards because I was very angry about not being too close on this townhome and I have lost about {$1100.00} dollars from the appraisal and earnest money deposit. XXXX made excuses that that he didnt know the taxes were going to be this high. However, that offers no consolation to because I am out of {$1100.00} dollars XXXX and on a fixed income. I had been going back and forth with XXXX about the loan for about two months and felt everything should have been disclosed up front, even the bad scenarios. If this had been done, I could have had the options to pull out of the loan, but he assured me everything was fine and now I have lost money. I feel he did this just to get his commission and didnt care about screwing me over. I feel that Ameris bank practices are deceptive and need to be investigated further especially if people are already struggling and get a grant that they think is going to help them and end up getting ripped off. If XXXX knew the loan wasnt viable both him and XXXX XXXX. I should been informed well in advance instead of misleading into thinking the loan was viable when it wasnt at that time. I also feel that Ameris Bank loan XXXX XXXX XXXX is negligent in how he handled my loan and I should refund my {$650.00} that I lost on an appraisal for a home I dont even stay in. It was his fault for not informing me that I would need more money upfront. XXXX and his boss had promised to try to help me out of my situation but will not answer their phones or emails. They were supposed to re-work the loan but have failed me on that also. In addition, he should be reprimanded or fired for unethical behavior that involves corporate greed based off commissions screwing over people.

# Company information

**Date complaint sent to company**

7/23/2024

**Company name**

AMERIS BANCORP

**Timely response?**

◉ Yes

**Company response to consumer**

Closed with explanation

**Company public response**

N/A

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 34 of 156 PageID #: 43


DEFENDANT'S EXHIBIT B-2

ELECTRONICALLY RECEIVED 2026 Jan 22 1:09 PM MC-CH-CV-26000000005 Montgomery County, Chancery Court

# CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

A TRUE COPY ATTEST
FILED 1-22 2026
HEATHER L. MOORE, C&M

Rachel M Hinkle-Gray Samuel Gray

VS.

Amens Bank

SUMMONS TO: 3490 Piedmont Rd NE

Suite 1550

Atlanta, GA 30305

**CASE NO.**
MC-CH-CV- RE - 26 - 5

**METHOD OF SERVICE:**
☐ MONTGOMERY CO. SHERIFF
☐ SECRETARY OF STATE
☒ CERTIFIED MAIL
☐ COMM. OF INSURANCE
☐ PRIVATE PROCESS
☐ OUT OF COUNTY SHERIFF
☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 1-22-26

ATTORNEY NAME & ADDRESS Rachel M. Hinkle-Gray
95N Terrace Creek Ln
Clarksville, TN 37040

**HEATHER L. MOORE**
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

By Kaitli Powell

**Deputy Clerk and Master**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RETURN ON PERSONAL SERVICE OF SUMMONS

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☐ I was unable to execute this summons and a copy of the Complaint because_____

On this the _____ day of _____, 20____

_____
Sheriff / Process Server

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-____-____-____ to the Defendant, _____. On _____, 20____ I received the return receipt, which had been signed by_____ on _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

1-22-26

Date

Kaitli Powell
Deputy Clerk & Master

**⚖ ADA – FOR ASSISTANCE CALL (931) 920-1844**



**DEFENDANT'S EXHIBIT**

**B-3**

A TRUE COPY ATTEST

## CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

FILED **1-22** 20**26**

HEATHER L. MOORE, C&M

ELECTRONICALLY RECEIVED 2026 Jan 22 1:09 PM - MC-CH-CV-RE-26000000005 Montgomery County, Chancery Court

Rachel M Hinkle-Gray Samuel Gray

VS.

Dovenmuehle Mortgage

SUMMONS TO: 1 Corporate Dr

Suite 360

Lake Zurich, IL 60047

CASE NO.
MC-CH-CV- **RE** - **26** - **5**

**METHOD OF SERVICE:**

☐ MONTGOMERY CO. SHERIFF
☐ SECRETARY OF STATE
☒ CERTIFIED MAIL
☐ COMM. OF INSURANCE
☐ PRIVATE PROCESS
☐ OUT OF COUNTY SHERIFF
☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: **1-22-26**

**HEATHER L. MOORE**
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

ATTORNEY NAME & ADDRESS Rachel M Hinkle-Gray
954 Terrace Creek Ln
Clarksville, TN 37040

By **Kaitli Powell**
Deputy Clerk and Master

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RETURN ON PERSONAL SERVICE OF SUMMONS

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☐ I was unable to execute this summons and a copy of the Complaint because_____

On this the _____ day of _____, 20____

_____
Sheriff / Process Server

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-____-____-____ to the Defendant,_____. On _____, 20____ I received the return receipt, which had been signed by_____ on _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

**1-22-26**

Date

_____
Deputy Clerk & Master

**⚖ADA – FOR ASSISTANCE CALL (931) 920-1848**



EXHIBIT
B-4

**CHANCERY COURT SUMMONS**
**MONTGOMERY COUNTY, TENNESSEE**

A TRUE COPY ATTEST
FILED _1-22_ 20 _26_
HEATHER L. MOORE, C&M

Rachel M Hinkle-Gray  Samuel Gray

VS.

CASE NO.
MC-CH-CV- _RE_ - _26_ - _5_

Mackie Wolf Zientz Mann, P.C.

SUMMONS TO: 725 Cool Springs Blvd

Suite 140

Franklin, TN 37067

**METHOD OF SERVICE:**
☐ MONTGOMERY CO. SHERIFF
☐ SECRETARY OF STATE
☒ CERTIFIED MAIL
☐ COMM. OF INSURANCE
☐ PRIVATE PROCESS
☐ OUT OF COUNTY SHERIFF
☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: _1-22-26_

ATTORNEY NAME & ADDRESS _Rachel M Hinkle-Gray_
_454 Terrace Creek Ln,_
_Clarksville, TN 37040_

**HEATHER L. MOORE**
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

By _Kaitlin Powell_

Deputy Clerk and Master

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RETURN ON PERSONAL SERVICE OF SUMMONS**

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☐ I was unable to execute this summons and a copy of the Complaint because _____

On this the _____ day of _____, 20____

_____
Sheriff / Process Server

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that on _____ 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-____-____-____ to the Defendant, _____. On _____, 20____ I received the return receipt, which had been signed by _____ on _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF PERSONAL PROPERTY EXEMPTION**

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CERTIFICATION (IF APPLICABLE)**

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

_1-22-26_
Date

_Kaitlin Powell_
Deputy Clerk & Master

**ADA – FOR ASSISTANCE CALL (931) 920-1844**

# IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

RACHEL M. HINKLE GRAY )
SAMUEL GRAY )
)
Plaintiffs, )
)
v. )
)
AMERIS BANK )
MACKIE WOLF ZIENTZ & MANN, P.C. )
DOVENMUEHLE MORTGAGE )
)
Defendants. )
)

**DEFENDANT'S EXHIBIT**
**B-5**

## PLAINTIFFS' PROPOSED ORDER FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

**To the Honorable Judge of the Chancery Court:**

The Plaintiffs, Rachel M. Hinkle Gray and Samuel Gray, hereby submit this Proposed Order for a Temporary Restraining Order and Permanent Injunction as part of their Petition filed in this Court.

**The Plaintiffs request the following:**

1. **Jurisdiction:** This Court has jurisdiction over the subject matter and the parties, and venue is proper in Montgomery County, Tennessee.
2. **Findings:**
   o The Plaintiffs have articulated a substantial likelihood of success on the merits of their claims based on improper notice and violations of statutory foreclosure regulations and breach of contract (Deed of Trust; Section 15 and Section 22) taken by the Defendants.
   o The Defendants proceeded with the sale of the Plaintiffs' property without adhering to the provisions required by Tennessee Code Annotated § 35-5-101 (2024).
   o Immediate and irreparable harm to the Plaintiffs will occur if the requested Temporary Restraining Order is not granted, as they risk losing their home without due process.
   o The balance of hardships favors the Plaintiffs, as their interest in preserving their home outweighs any potential inconvenience to the Defendants.
3. **Notice Requirement:** Due to the time-sensitive nature of the situation and the potential for immediate harm to the Plaintiffs, they have not provided advance notice to the Defendants regarding this request for a Temporary Restraining Order.

**THEREFORE, IT IS HEREBY REQUESTED that the Court:**

1. Issue a Temporary Restraining Order restraining the Defendants, Ameris Bank, Mackie Wolf Zientz & Mann, P.C., and Dovenmuehle Mortgage, from executing or enforcing any foreclosure action or sale of the property located at 954 Terrace Creek Ln., Clarksville, TN 37040, pending further proceedings in this matter. This Order is intended to prevent any further sale and/or eviction proceedings against the Plaintiffs.
2. Schedule a hearing to consider the issuance of a Permanent Injunction
3. Require Defendants to respond to the Plaintiffs' Petition no later than 30 days of this filing
4. Allow the Plaintiffs the right to request reasonable attorney's fees and costs incurred in connection with this action, to be determined at a later date.

**Respectfully submitted, this January 22, 2026**

**Rachel M. Hinkle Gray**
**Samuel Gray**
954 Terrace Creek Ln.
Clarksville, TN 37040
216.413.9657
rgray101218@gmail.com



ELECTRONICALLY FILED 2026 Feb 03 8:10 AM - MCCHCVRE260000005 Montgomery County, Chancery Court

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

**RACHEL M. HINKLE GRAY**
**SAMUEL GRAY**
**Plaintiffs,**

v.

**AMERIS BANK**
**MACKIE WOLFE ZIENTZ & MANN, P.C.**
**DOVENMUEHLE MORTGAGE**
**Defendants.**

### RESPONSE TO COURT ORDER REGARDING INJUNCTION BOND

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiffs, Rachel M. Hinkle Gray and Samuel Gray, and respectfully submit this Response to the Court's Order requiring the posting of a $1,500 injunction bond. In support thereof, the Plaintiffs state as follows:

1. The Plaintiffs acknowledge the Court's directive concerning the injunction bond as a prerequisite for maintaining the temporary restraining order.
2. The Plaintiffs acknowledge the specified amount of $1,500 for the bond and wish to inform the Court that their current financial resources have been allocated toward essential living expenses and preparations for an impending winter storm, forecasted to impact their family of seven from January 23, 2026, until January 26, 2026.
3. Given these circumstances, the Plaintiffs kindly request that the Court consider waiving or reducing the bond requirement, or alternatively, allow for the proposal of an alternative arrangement that would ensure their capacity to meet essential financial obligations while still pursuing their legal claims.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully request that this Honorable Court grant the relief sought herein, allowing them to continue their pursuit of justice in this matter.

Dated this 23rd day of Jan. , 2026.

Respectfully submitted,

Rachel M. Hinkle Gray
Samuel Gray
954 Terrace Creek Ln.
Clarksville, TN 37040


**DEFENDANT'S EXHIBIT B-7**

ELECTRONICALLY FILED 2026 Feb 06 3:48 PM - MCCHCVRE260000005 Montgomery County, Chancery Court

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE
### AT CLARKSVILLE

RACHEL M. HINKLE GRAY and )
SAMUEL GRAY )
                                    )
     Plaintiff, )
v. )      Case No.: MC CH CV RE-26-5
                                      )
AMERIS BANK; MACKIE WOLF ZIENTZ & )
MANN, P.C.; and DOVENMUEHLE )
MORTGAGE )
                                    )
     Defendants. )

## <u>RESPONSE TO THE THE PETITION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION WITH BRIEF MEMORANDUM OF LAW</u>

Comes now Ameris Bank ("Ameris"); Mackie, Wolf, Zientz & Mann, P.C. ("MWZM"); and Dovenmuehle Mortgage Inc. ("DMI") and, pursuant to Rule 65.03 and 65.04 respond to the Petition for Temporary Restraining Order and Injunction ("TRO") that was filed on January 22, 2026.

### The Petition was not Accompanied by a Verified Complaint Nor Affidavit.

The Court is authorized to issue temporary restraining orders when "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition." T.R.C.P. 65.03 (1).

Here the Plaintiffs did not file the petition with a verified complaint nor affidavit. As the Middle District has opined, a petition for a restraining order is not a substitute for commencing an action, but in the nature of extraordinary pre-trial relief of a commenced action. *Johnson v. Robertson*, 3:23-cv-01379 (M.D. Tenn. Jan. 3, 2024). The Plaintiffs have not, then, commenced an action. The Plaintiffs have not accompanied their petition for an injunction with a verified complaint or affidavit as required by T.R.C.P. 65.03. *See also Avery v. Phillips*, No. 2:14-cv-

FORECLOSURE DEFENDANTS RESPONSE TO TRO PETITION        Page 1
25-000043-391

01276-STA-egb (W.D. Tenn. Jan. 6, 2016) and *Doe v. Tennessee*, No. 3-18-cv-0471 (M.D. Tenn. Oct. 26, 2018).

**The Petition is MOOT.**

The Petition sought to enjoin the foreclosure sale of the property located at 954 Terrace Creek Lane, Clarksville, TN 37040 (the "Property"). However, the foreclosure sale occurred on January 8, 2026, and the foreclosure deed was recorded on January 13, 2026. See attached Exhibit A. Because a completed foreclosure sale is not void or voidable even in the existence of deficiencies in following the foreclosure statute (which nonetheless did not occur in this sale), the Petition seeks relief that the Court can no longer grant. T.C.A. § 35-5-106.

**The Petition does not Meet the Standard for Imposing a Temporary Restraining Order.**

The Plaintiffs' reasoning for seeking injunctive relief seems to be the erroneous conclusion of law that simply applying for a loan modification can stay a foreclosure indefinitely, or the factually false allegations that the trustee did not follow the foreclosure statute. However, as the petition is moot, the Court need not apply the four-part test to determine the appropriateness of a temporary restraining order.

**The Petition does not Comply with the Notice Requirement to Enjoin a Foreclosure Sale.**

Even had the Petition been filed prior to the foreclosure sale, the Petitioners still have failed to comply with T.C.A. § 29-23-201:

> "(a) No judge or chancellor shall grant an injunction to stay the sale of real estate conveyed by deed of trust or mortgage, with a power of sale, executed to secure the payment of a loan of money, unless the complainant gives five (5) days' notice to the trustee or mortgagee of the time when, place where, and of the judge or chancellor before whom, the application for injunction is to be made."

As the Plaintiffs neither filed their Petition prior to the sale nor gave notice on their Petition of the time when, place, where, and of the judge or chancellor before whom the Petition would be made, no injunction is authorized. *Id.*

## AFFIRMATIVE DEFENSES

As discussed above, Plaintiffs sought a temporary injunction but have not served a complaint on Defendants. Ameris, MWZM, and DMI nevertheless assert the following affirmative defenses:

1. Plaintiffs FAIL TO STATE A CLAIM upon which relief may be granted against the Defendants.

2. Plaintiffs failed to mitigate their damages.

3. Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

4. Defendants would show their conduct or activity conformed at all times to any and all applicable state and federal statutes, codes, and regulations.

5. Defendants complied with all applicable provisions of the Note and Deed of Trust, and rely on all defenses afforded under both.

6. Under the doctrine of comparative fault, the Plaintiffs cannot recover for tort damages for which they themselves are at least 50% culpable. *McIntyre v. Balentine*, 833 S.W.2d 52, 56 (Tenn. 1992).

7. Lack of service of process on all defendants.

8. Insufficiency of service of process on all defendants.

WHEREFORE, Defendants pray that the filing of the Plaintiffs be DISMISSED.

Respectfully submitted, this the 4th day of February, 2026.

/s/ Jason R. Nabors
Jason R. Nabors, BPR# 037937
Mackie Wolf Zientz & Mann, P.C.
725 Cool Springs Blvd., Ste. 140
Franklin, TN 37067
615-238-3618
jnabors@mwzmlaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2026, a true and correct copy of the foregoing was delivered via e-mail or U.S. Mail to the following.

Rachel M. Hinkle Gray
954 Terrace Creek Lane
Clarksville, TN 37040
216-413-9657
Rgray101218@gmail.com

Samuel Gray
954 Terrace Creek Lane
Clarksville, TN 37040

/s/ Jason R. Nabors
Jason R. Nabors

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 44 of 156 PageID #: 53

This instrument prepared by:

Gavin Cox
Mackie Wolf Zientz & Mann, P.C.
Park East
725 Cool Springs Blvd, Suite 140
Franklin, TN 37067
(615) 238-3630
MWZM No.: 25-000043-391

NO MORTGAGE
New Owner - Send Tax Bills:
Grantee's Address:
AMERIS BANK
605 W. HIGHWAY 80
POOLER, GA 31322

EXHIBIT A

Tax ID: 0161-B-005.00
Property Address: 954 Terrace Creek Lane, Clarksville, TN 37040

## SUBSTITUTE TRUSTEE'S DEED

WHEREAS, on September 21, 2022, Massey Title & Escrow, LLC was named Trustee in a Deed of Trust of even date executed by SAMUEL GRAY AND RACHEL HINKLE GRAY, conveying to it as Trustee the real estate hereinafter described, said Deed of Trust being executed to secure the payment of $481,175.00, principal, said Deed of Trust being recorded at Record Book 2253, Page 1235-1252 as Instrument No. 1398409 in the real property records of Montgomery County Register's Office, Tennessee; and

The notice required by T.C.A. 35-5-101 et seq. having been met and whereas, Mackie Wolf Zientz & Mann, P.C. was appointed to act as Substitute Trustee under said Deed of Trust by instrument of record at Record Book 2438, Page 5124-5126 as Instrument No. 1500212 in the real property records of Montgomery County Register's Office, Tennessee; Mackie Wolf Zientz & Mann, P.C. Substitute Trustee, at the request of the holder of said indebtedness, and under and by virtue of the powers vested in it as such Substitute Trustee in said Deed of Trust advertised the said real estate as required by law, and by the terms of said Deed of Trust by giving notice by posting on - http://www.tnforeclosurenotices.com at least twenty (20) continuous days and publishing two (2) successive publications, namely: 10/16/2025 and 10/23/2025 in a newspaper of general circulation in Montgomery County, Tennessee, said sale to be for cash and in bar of the equities of redemption, dower and homestead, as provided in said Deed of Trust.

If the U.S. Department of Treasury/IRS, the State of Tennessee Department of Revenue, or the State of Tennessee Department of Labor or Workforce Development are listed as Interested Parties in the advertisement, then the Notice of this foreclosure is being given to them and the Sale will be subject to the applicable governmental entities' right to redeem the property as required by 26 U.S.C. 7425 and T.C.A. §67-1-1433.

PURSUANT to said advertisement on January 8, 2026 on or about 12:00PM local time, at the Montgomery County Courthouse, Clarksville, Tennessee, Mackie Wolf Zientz & Mann, P.C., individually or by and through its agent, as said Substitute Trustee, offered for sale at public outcry to the highest and best bidder, the real estate hereinafter described for cash and in bar of the herein above mentioned equities as provided in said Deed of Trust, at which Ameris Bank, submitted the highest and best bid, in the amount of $533,414.50, it being the best and highest bid.

NOW THEREFORE, in consideration of the premises, Mackie Wolf Zientz & Mann, P.C., Substitute Trustee, does hereby sell, transfer and convey to Ameris Bank, its successors and assigns in fee simple, and in bar of all equities above mentioned, the following described real property, to-wit:

PROPERTY LOCATED IN THE COUNTY OF MONTGOMERY, TENNESSEE:

BEING Lot No. 43, on the plan of Terraces of Hearthstone subdivision section 1, as shown by plat of record in Plat F, Page 446, Register's Office for Montgomery County, Tennessee, to which plat reference is hereby made for a more complete description.

Being the same property conveyed to Samuel Gray and Rachel Hinkle Gray, by deed of record in ORBV 2253, Page 1232, in the Register's Office for Montgomery County, Tennessee.

THIS IS IMPROVED PROPERTY KNOWN AS 954 Terrace Creek Lane, Clarksville, TN 37040.

Mackie Wolf Zientz & Mann, P.C., Substitute Trustee, convey to Ameris Bank, all the rights conveyed to it as said Substitute Trustee in said Deed of Trust, including such covenants and warranties as it, as such Substitute Trustee, may lawfully make, all its actions in the premises being solely as Substitute Trustee and not otherwise under the power vested in it under said Deed of Trust herein above referred to and not as an individual.

```
              Julie C. Runyon, Register
             Montgomery County Tennessee
    Rec #: 664010        Instrument #: 1529166
    Rec'd:    25.00           Recorded
    State:  1973.63      1/13/2026 at 1:56 PM
    Clerk:     1.00           in Volume
    Other:     4.00             2473
    Total:  2003.63
                          Pages 785-789
```

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 45 of 156 PageID #: 54
Volume 2473 Page 785

Witness my hand and official seal on this 13th day of January, 2026.

Andrew Jensen, as agent for Substitute Trustee
MACKIE WOLF ZIENTZ & MANN, P.C.
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE: (615) 238-3630
EMAIL: INFO@MWZMLAW.COM

STATE OF TENNESSEE
COUNTY OF WILLIAMSON

Personally appeared before me, the undersigned, a Notary Public in and for said County and State, the within named, Andrew Jensen, Attorney, as agent Substitute Trustee, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who acknowledged that he executed the within instrument for the purposes therein contained.

Witness my hand and official seal at office at Franklin, Tennessee on this 13th day of January, 2026.

Notary Public: _____

My Commission Expires: _____

My Commission Expires: July 6, 2026

STATE OF TENNESSEE
COUNTY OF WILLIAMSON

The actual consideration or value, whichever is greater for this transfer is $533,414.50.

Affiant _____

Subscribed and sworn to before me, this on this 13th day of January, 2026.

Notary Public: _____

My Commission Expires: _____

RETURN TO:
MACKIE WOLF ZIENTZ & MANN, P.C.
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067

My Commission Expires
July 6, 2026

Volume 2473 Page 786

PREPARED BY:
Mackie Wolf Zientz & Mann, P.C.
Park East
725 Cool Springs Blvd, Suite 140
Franklin, TN 37067
(615) 238-3630
MWZM 25-000043-391-8

## EXHIBIT 'A'

### SERVICEMEMBERS CIVIL RELIEF ACT AFFIDAVIT

STATE OF TENNESSEE     §
COUNTY OF WILLIAMSON     §

BEFORE ME, the undersigned authority, on this day personally appeared Andrew Jensen, who after being sworn, deposed and stated:

1. To the best of my knowledge and belief, the mortgagors holding an interest in the above described property were (1) not members of the Armed Forces of the United States of America and had not been members of any such entities for at least nine (9) months prior to the date of the foreclosure sale the subject hereof or (2) were members of the Armed Forces of the United States of America at the time the security instrument was executed.
2. As such, the foreclosure of this property will not be subject to the provisions of 50 U.S.C.S. §501, et seq. (the Servicemembers Civil Relief Act).

FURTHER AFFIANT SAYETH NOT.

DATED this 13th day of January, 2026.

Andrew Jensen
Attorney at Law, Bar Number 043120
Mackie Wolf Zientz & Mann, P.C.

### ACKNOWLEDGMENT

STATE OF TENNESSEE     §
COUNTY OF WILLIAMSON     §

On this 13th day of January, 2026 before me, Candace Dodson, the undersigned officer, personally appeared Andrew Jensen of Mackie Wolf Zientz & Mann, P.C., known to me (or satisfactorily proven) to be the person whose name is subscribed as attorney-in-fact for Ameris Bank, and acknowledged that he executed the same as the act of his principal for the consideration, uses, and purposes therein contained.

IN TESTIMONY WHERE OF, I hereunto set my hand and official seal.

Notary Public, State of Tennessee

My Commission Expires
July 6, 2026

# Tennessee Proof of Internet Postponement Posting
## AVT Title Services, LLC

AVT Title Services LLC, does hereby certify the following statements are true and correct to the best of our knowledge:

1. I, the undersigned, am the Trustee & Sales Coordinator at AVT Title Services LLC, which utilizes the following website, https://tnforeclosurenotices.com, a website dedicated to listing foreclosure sale information for public access.

2. AVT Title Services LLC confirms that it was employed to post and publish the referenced Notice of Sale on a third party site, https://tnforeclosurenotices.com, as mandated by Tennessee Code Annotated § 35-5-101(a)(2).

3. The root domain website address for this site was submitted to the Publication Division of the Tennessee Secretary of State's office and is publicly available on their website.

4. I further certify that the Notice of Sale referenced as:
   Property Address: 954 Terrace Creek Lane, Clarksville, TN 37040
   Property County: Montgomery
   Customer Reference #: 25-000043-391-8

was subject to a sale date postponement under the terms and conditions permitted by Tennessee law.

5. AVT Title Services LLC does hereby certify that on November 20, 2025, at the originally scheduled date, time and place of sale, a POSTPONEMENT of the foreclosure sale was duly given by public declaration. Where it was announced that the new sale date and time is **January 8, 2026 on or about 12:00PM local time**, and the place of sale remains the same as originally fixed by the Trustee in the Notice of Sale.

6. Concurrently with the public declaration, the POSTPONEMENT was also posted and published on the designated website, https://tnforeclosurenotices.com, wherein it was announced that the new sale date and time is **January 8, 2026 on or about 12:00PM local time**, and the place of sale remains the same as originally fixed by the Trustee in the Notice of Sale.

The undersigned declares the above statement to be true and correct.

/s/ Kara Brock
Kara Brock, Trustee & Sales Coordinator
AVT Title Services LLC
Date: October 27, 2025

# Tennessee Certification of Electronic Document

I, <u>Andrew Jensen</u>, do hereby make oath that I am a licensed attorney and/or the custodian of the original version of the electronic document tendered for registration herewith and that this electronic document is a true and exact copy of the original document executed and authenticated according to law on __1/13/26__ ( date of document).



Affiant Signature

__1/13/26__
Date

State of Tennessee
County of Williamson

Sworn to and subscribed before me this __13__ day of __January__ ., 2026.

Notary's Signature

MY COMMISSION EXPIRES: _____

Notary's Seal (If on paper)

My Commission Expires
July 6, 2026

25-000043-391-8 T.C.A. § 66-24-101 Trustees Deed



ELECTRONICALLY FILED 2026 Mar 12 3:08 PM - MCCHCVRE260000005 Montgomery County, Chancery Court

### IN THE CHANCERY COURT, PART I
### FOR MONTGOMERY COUNTY, TENNESSEE
### AT CLARKSVILLE

|  |  |
|---|---|
| RACHEL M. HINKLE GRAY and<br>SAMUEL GRAY,<br>    Petitioners, | )<br>)<br>)<br>) |
| vs. | ) Docket No.: MCCHCVRE-26-5<br>) |
| AMERIS BANK,<br>MACKIE WOLF ZIENTZ & MANN, P.C.,<br>DOVENMUEHLE MORTGAGE,<br>    Respondents. | ) To:  Ameris Bank<br>)       3490 Piedmont Rd. NE, Suite 1550<br>)       Atlanta, GA 30305<br>) |

### ORDER

This matter having been before the Court on February 5, 2026, upon the hearing date set for the Ex Parte Temporary Restraining Order and Injunction issued for the property located at 954 Terrace Creek Ln, Clarksville, TN 37040. It would appear that service of process upon the Defendants has not been completed. The Petitioners appeared before the Court and provided testimony regarding the alleged improper publication and notice for the January 2026 foreclosure of the Petitioners' home. The Court reduces the bond on the Restraining Order to $500, that the Temporary Restraining Order shall remain in effect until service of process has been obtained and a full and complete hearing be had in regards to whether a temporary injunction should issue. This matter is reset for hearing on *April 9th,* 2026 at 9:00 a.m., Montgomery County Courts Center, Two Millennium Plaza, Clarksville, TN 37040, Courtroom 305.

To the extent the Defendants are served and desire an expedited hearing in this matter, they shall contact the Court's judicial assistant, Tabitha Jolley, by email at trjolley@montgomerytn.gov regarding placing this matter upon the docket at a sooner date. The Defendants remain restrained from making any transfer sale or other disposition of the real property in issue absent a court order or further hearings in this matter.

Enter this the 12th day of March 2026.

**Hon. Benjamin K. Dean**
**Chancellor, Part I**
**Nineteenth Judicial District**

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing has been delivered to the following parties via U.S. Mail on this 12th day of March 2026.

Rachel M. Hinkle Gray
Samuel Gray
954 terrace Creek Ln.
Clarksville, TN 37040
216-413-9657
Rgray101218@gmail.com

Ameris bank
3490 Piedmont Rd. NE. Ste 1550
Atlanta, GA 30305

Dovenmuehle Mortgage
1 Corporate Dr., Suite 360
Lake Zunch, IL 60047

Mackie Wolf Zientz & Mann, P.C.
Park East
725 Cool Springs Blvd, Suite 140
Franklin, TN 37067

Samuel Gray/ Rachel M. Hinkle Gray
954 Terrace Creek Lane
Clarksville, TN 37040

Heather Moore, Clerk and Master

_____
By: Clerk



ELECTRONICALLY FILED 2026 Mar 12 3:46 PM - MCCHCVRE260000005 Montgomery County, Chancery Court

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

SAMUEL GRAY and
RACHEL HINKLE GRAY,
  Plaintiffs,

v.                      No. RE-26-5

AMERIS BANK; [DOVENMUEHLE MORTGAGE; [ANDREW JENSEN; and JOHN DOES 1–10,
  Defendants.

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, BREACH OF CONTRACT, ACCOUNTING, AND OTHER RELIEF

Plaintiffs Samuel Gray and Rachel Hinkle Gray, for their Verified Complaint against Defendants, state as follows:

**PARTIES**

1. Plaintiff Samuel Gray is an adult resident of Montgomery County, Tennessee, and is one of the borrowers, owners, and occupants of the real property located at 954 Terrace Creek Ln., Clarksville, Tennessee 37040.

2. Plaintiff Rachel Hinkle Gray is an adult resident of [Montgomery] County, Tennessee, and is one of the borrowers, owners, and occupants of the real property located at 954 Terrace Creek Ln., Clarksville, Tennessee 37040.

3. Defendant Ameris Bank is alleged to have claimed an interest in, serviced, enforced, or otherwise participated in the foreclosure process at issue.

4. Defendant [Dovenmuehle Mortgage] is, on information and belief, the entity that serviced the subject mortgage loan during relevant times.

5. Defendant [Andrew Jensen] is, on information and belief, the trustee or substitute trustee that noticed, conducted, or purported to conduct the foreclosure sale at issue.

2

6. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as John Does 1–10 and therefore sue said Defendants by fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this civil action for declaratory, injunctive, and other relief.

8. Venue is proper in this Court because the subject real property is located in this county and the acts complained of occurred in this county.

## GENERAL ALLEGATIONS

9. Plaintiffs are the owners and occupants of the subject residential property.

10. The subject property is Plaintiffs' residence and is unique real property.

11. At all relevant times, Plaintiffs were parties to a mortgage loan transaction secured by the subject property.

12. Defendants, and each of them, claim or claimed the right to accelerate the indebtedness, proceed with foreclosure, and conduct or complete a foreclosure sale.

13. Plaintiffs allege that Defendants failed to comply with applicable contractual, statutory, and/or servicing prerequisites before proceeding to sale.

14. Plaintiffs further allege that the foreclosure sale has already taken place, or was represented as having taken place, and that emergency relief is required to set aside or vacate the sale, enjoin recording or delivery of any trustee's deed, preserve possession, and maintain the status quo pending further hearing.

15. Plaintiffs allege that Defendants failed to comply with one or more conditions precedent contained in the note, deed of trust, applicable notices, substitution documents, or servicing rules.

3

16. Plaintiffs allege that one or more notices were defective as to timing, content, mailing, service, authority, or other required particulars.

17. Plaintiffs allege that one or more entities involved in the foreclosure process lacked authority, failed to establish authority, or acted before lawful substitution, assignment, or authorization was complete.

18. Plaintiffs allege that one or more accounting, payment-crediting, reinstatement, payoff, or loss-mitigation issues remain unresolved and materially affect the validity and equity of the completed foreclosure process.

19. Plaintiffs allege that, unless restrained, Defendants may record or deliver a trustee's deed, seek to alter title, interfere with possession, or pursue lockout or dispossession efforts before the Court can adjudicate the merits.

20. Plaintiffs have no adequate remedy at law because the loss of possession, disturbance of title, and displacement from a family residence constitute immediate and irreparable injury.

## COUNT I – BREACH OF CONTRACT / DEED OF TRUST

21. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

22. The loan documents, including the note and deed of trust, imposed conditions precedent and procedural requirements before acceleration and foreclosure could lawfully occur.

23. Defendants breached those obligations by failing to comply with one or more contractual notice, timing, mailing, reinstatement, authority, publication, or sale requirements.

24. As a direct and proximate result of those breaches, Plaintiffs have suffered damages and face continuing irreparable harm.

## COUNT II – DECLARATORY JUDGMENT

25. Plaintiffs incorporate by reference the preceding paragraphs.

4

26. An actual justiciable controversy exists regarding whether the completed foreclosure sale is valid, enforceable, authorized, and effective.

27. Plaintiffs are entitled to a declaration of the parties' rights, including whether the foreclosure should be set aside or vacated and whether any deed issued pursuant to the sale may lawfully be recorded or delivered.

## COUNT III – INJUNCTIVE RELIEF

28. Plaintiffs incorporate by reference the preceding paragraphs.

29. Unless this Court grants immediate relief, Plaintiffs face irreparable harm, including disruption of possession, title, and residential stability.

30. The balance of equities favors preservation of the status quo pending adjudication.

31. Plaintiffs therefore seek emergency, temporary, and, after hearing, further injunctive relief.

## COUNT IV – ACCOUNTING

32. Plaintiffs incorporate by reference the preceding paragraphs.

33. The amount claimed due, the application of payments, the assessment of fees, and the calculation of any reinstatement or payoff figures are in dispute or require disclosure.

34. Plaintiffs are entitled to an accounting sufficient to determine the amounts claimed, the basis for those claims, and the validity of the acts taken in reliance thereon.

## COUNT V – VIOLATION OF APPLICABLE FEDERAL SERVICING LAW (IF SUPPORTED BY FACTS)

35. Plaintiffs incorporate by reference the preceding paragraphs.

36. To the extent Plaintiffs submitted a complete or facially complete loss-mitigation application, or otherwise invoked servicing protections under RESPA and Regulation X, Defendants were required to comply with applicable review, diligence, and notice obligations before proceeding.

37. Plaintiffs allege that Defendants failed to comply with one or more such obligations and proceeded in a manner inconsistent with federal servicing law.

5

**PRAYER FOR RELIEF**

A. Enter a declaratory judgment that the foreclosure sale is defective, voidable, invalid, premature, unauthorized, or otherwise subject to being set aside or vacated.

B. Enter emergency and temporary injunctive relief enjoining Defendants from recording or delivering any trustee's deed, transferring title, altering possession, or pursuing lockout, dispossession, or related remedies.

C. Preserve the status quo pending further order of the Court.

D. Order an accounting and production of the servicing and foreclosure file.

E. Award costs and such other relief as the Court deems just and proper.

**VERIFICATION**

I, Samuel Gray, declare under penalty of perjury that I have read the foregoing Verified Complaint and that the factual allegations stated therein are true and correct to the best of my personal knowledge, information, and belief.

Samuel Gray

I, Rachel Hinkle Gray, declare under penalty of perjury that I have read the foregoing Verified Complaint and that the factual allegations stated therein are true and correct to the best of my personal knowledge, information, and belief.

Rachel Hinkle Gray

6

# IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

SAMUEL GRAY and
RACHEL HINKLE GRAY,
  Plaintiffs,
v.                            No. RE-26-5
AMERIS BANK, et al
  Defendants.

## EMERGENCY MOTION TO SET ASIDE OR VACATE FORECLOSURE SALE, ENJOIN RECORDING OR DELIVERY OF TRUSTEE'S DEED, PRESERVE POSSESSION, AND SET EXPEDITED HEARING

Plaintiffs Samuel Gray and Rachel Hinkle Gray move this Court, pursuant to Rules 7.02, 65.03, 65.04, and 65.05 of the Tennessee Rules of Civil Procedure, for emergency relief setting aside or vacating the foreclosure sale, enjoining the recording or delivery of any trustee's deed, preserving possession of the subject property, and setting an expedited hearing. In support, Plaintiffs state:

1. Plaintiffs have filed a Verified Complaint asserting claims grounded in breach of contract, declaratory relief, injunctive relief, accounting, and applicable servicing-law violations.

2. The foreclosure sale has already taken place, or Defendants contend it has taken place, creating an immediate risk of deed recording, transfer of title, or efforts to alter possession.

3. Plaintiffs' residence is unique real property, and loss of possession or impairment of title constitutes immediate and irreparable harm.

4. Plaintiffs have raised substantial and serious questions on the merits regarding Defendants' compliance with contractual, statutory, and servicing prerequisites.

5. The balance of equities favors preservation of the status quo.

6. Public policy favors lawful foreclosure procedures and the prevention of erroneous dispossession.

7

7. Plaintiffs request that the Court preserve the present state of title and possession until the merits can be heard on an expedited basis.

## REQUESTED RELIEF

A. Setting aside or vacating the foreclosure sale on an emergency interim basis, or suspending its effect pending hearing;

B. Enjoining Defendants from recording, delivering, relying upon, or transferring any trustee's deed or foreclosure deed;

C. Enjoining Defendants from seeking possession, lockout, eviction, utility interruption, or other dispossession-related relief;

D. Preserving the status quo pending further order;

E. Setting this matter for immediate or expedited hearing; and

F. Awarding such other relief as is just and proper.

Respectfully Submitted,

Samuel Gray
Rachel M. Hinkle-Gray
Plaintiffs/ Pro Se
954 Terrace Creek Ln.
Clarksville, TN 37040
615.275.9779
Samuelx_40@yahoo.com

8

IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

SAMUEL GRAY and
RACHEL HINKLE GRAY,
 Plaintiffs,

v.

AMERIS BANK, et al.,
 Defendants.

No. RE-26-5

## MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO SET ASIDE OR VACATE FORECLOSURE SALE, ENJOIN RECORDING OR DELIVERY OF TRUSTEE'S DEED, PRESERVE POSSESSION, AND SET EXPEDITED HEARING

### I. INTRODUCTION

Plaintiffs seek narrow emergency relief preserving the status quo after a completed foreclosure sale of their residence. Plaintiffs do not ask the Court to finally adjudicate every issue today. They ask the Court to prevent irreversible title and possession consequences while the Court determines whether Defendants complied with Tennessee foreclosure procedure, the deed of trust, and any applicable federal servicing obligations.

### II. TENNESSEE STANDARD

Tennessee Rule 65 authorizes restraining and temporary injunctive relief to prevent immediate and irreparable injury and to preserve the status quo pending adjudication. Bond is ordinarily addressed under Rule 65.05.

Rule 7.02 requires motions to state with particularity the grounds therefor and the relief sought, Rule 8.01 governs general claims for relief, and Rule 9.02 requires that any fraud allegations be stated with particularity.

### III. TENNESSEE DOES NOT RECOGNIZE A FREE-STANDING WRONGFUL FORECLOSURE CLAIM

Plaintiffs do not rely on a free-standing wrongful foreclosure tort. Tennessee's Supreme Court has clarified that Tennessee law does not recognize an independent common-law claim for wrongful foreclosure; such claims must proceed under recognized breach of contract, tort, or statutory causes of action.

9

## IV. PLAINTIFFS HAVE RAISED SERIOUS QUESTIONS ON THE MERITS

Foreclosure by deed of trust in Tennessee remains subject to applicable contractual and statutory requirements. Tennessee law addresses publication and notice requirements for trust sales, required contents of notice, and substitute-trustee procedures.

Here, Plaintiffs allege that one or more of the following occurred: noncompliance with conditions precedent in the deed of trust; defective notice, timing, or content; substitute-trustee or authority defects; unresolved accounting or payment-crediting disputes; and, if supported by evidence, noncompliance with federal servicing obligations under Regulation X. Regulation X, 12 C.F.R. § 1024.41, imposes duties concerning loss-mitigation review, diligence, and written determinations where applicable.

## V. IRREPARABLE HARM AND BALANCE OF EQUITIES

The subject property is Plaintiffs' residence. Once deed recording, possession transfer, or dispossession efforts occur, the harm is immediate and not adequately compensable by money damages alone. Preserving the status quo causes limited prejudice to Defendants while protecting the Court's ability to provide meaningful relief.

## VI. CONCLUSION

The Court should set aside or suspend the effect of the foreclosure sale on an emergency basis, enjoin deed recording or delivery, preserve possession, and set an expedited hearing.

Respectfully submitted,

Samuel Gray
Rachel M. Hinkle-Gray
Plaintiffs / Pro Se
954 Terrace Creek Ln.
Clarksville, TN 37040
615.275.9779
samuelx_40@yahoo.com

10

# IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

SAMUEL GRAY and
RACHEL HINKLE GRAY,
   Plaintiffs,

v.

AMERIS BANK, et al.,
   Defendants.

No. RE-26-5

## MOTION TO SHORTEN TIME AND REQUEST FOR IMMEDIATE / EXPEDITED HEARING

Plaintiffs move the Court to shorten time and set this matter for immediate or expedited hearing.

In support, Plaintiffs state:

1. The foreclosure sale has already taken place.

2. Plaintiffs face imminent risk that Defendants will record or deliver a trustee's deed, alter title, or disturb possession before ordinary motion practice can occur.

3. The subject property is Plaintiffs' residence.

4. Immediate hearing is necessary to preserve the Court's ability to grant meaningful relief.

WHEREFORE, Plaintiffs request that the Court shorten time and set Plaintiffs' Emergency Motion for immediate or expedited hearing.

Respectfully submitted,

Samuel Gray
Rachel M. Hinkle-Gray
Plaintiffs Pro Se
954 Terrace Creek Ln.
Clarksville, TN 37040
615.275.9779
samuelx_40@yahoo.com

22



DEFENDANT'S
EXHIBIT
B-10

ELECTRONICALLY RECEIVED 2026 Mar 12 3:48 PM - MCCHCVRE260000005 Montgomery County, Chancery Court

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

SAMUEL GRAY and
RACHEL HINKLE GRAY,
  Plaintiffs,

v.               No. RE-26-5

AMERIS BANK, et al.,
  Defendants.

### PROPOSED ORDER GRANTING EMERGENCY RELIEF, PRESERVING POSSESSION, ENJOINING RECORDING OR DELIVERY OF TRUSTEE'S DEED, AND SETTING EXPEDITED HEARING

Upon consideration of Plaintiffs' Verified Complaint, Emergency Motion, supporting affidavits, memorandum of law, exhibits, and the record as a whole, the Court finds that temporary emergency relief is necessary to preserve the status quo pending further hearing.

IT IS THEREFORE ORDERED:

1. Defendants, and all persons acting in concert with them, are hereby enjoined from recording, delivering, transferring, or relying upon any trustee's deed, substitute trustee's deed, or foreclosure deed concerning the property located at 954 Terrace Creek Ln., Clarksville, Tennessee 37040, pending further order.

2. Defendants are enjoined from seeking possession, lockout, eviction, utility interruption, or any other act disturbing Plaintiffs' possession of the property pending further order.

3. The status quo as to title and possession shall be preserved pending expedited hearing.

4. This matter is set for hearing on the 25th day of March, 2026, at 9 am.

5. Bond is set in the amount of $ 500 , or is reserved for determination at hearing.

SO ORDERED. _____ 3/14/26

JUDGE

@ 9:10 am.

Signed: 2026-03-16

ELECTRONICALLY FILED 2026 Mar 16 8:17 AM - MCCHCVRE260000005 Montgomery County, Chancery Court

20

Samuel Gray and Rachel Hinkle Gray
954 Terrace Creek Ln.
Clarksville, TN 37040
216.413.9657
rgray101218@gmail.com

Plaintiffs, Pro Se

DEFENDANT'S
EXHIBIT
B-11

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

| | |
|---|---|
| SAMUEL GRAY and RACHEL HINKLE GRAY, | ) No. RE-26-5 |
| | ) |
| Plaintiffs, | ) **EMERGENCY MOTION TO CONTINUE AND RESET EXPEDITED HEARING, TO MAINTAIN ALL EXISTING EMERGENCY RELIEF AND STATUS QUO PENDING THE RESET HEARING, AND FOR RELATED PROTECTIVE RELIEF** |
| v. | ) |
| AMERIS BANK, et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiffs Samuel Gray and Rachel Hinkle Gray, appearing pro se, respectfully move the Court for entry of an emergency order continuing and resetting the expedited hearing presently set for March 25, 2026, at 9:00 a.m., while expressly preserving and continuing in full force all relief previously granted by this Court in its Proposed Order Granting Emergency Relief, Preserving Possession, Enjoining Recording or Delivery of Trustee's Deed, and Setting Expedited Hearing, and in support thereof would show:

### I. INTRODUCTION

1. On March 14, 2026, this Court entered emergency relief preserving the status quo as to title and possession and setting an expedited hearing for March 25, 2026, at 9:00 a.m.

EMERGENCY MOTION TO CONTINUE AND RESET EXPEDITED HEARING

2. Plaintiff Samuel Gray has a preexisting professional engagement that was scheduled prior to the hearing date and that he must attend. His absence is not willful, tactical, or intended for delay, but arises from a bona fide prior professional obligation.

3. Plaintiffs bring this request promptly upon recognizing the scheduling conflict and before the hearing date, in good faith, and for good cause.

4. Because the relief already entered is designed to preserve title, possession, and the status quo, Plaintiffs further request that the Court expressly continue all previously entered restraints and protections without lapse until the reset hearing date and further order of this Court.

## II. GROUNDS FOR RELIEF

5. Under the Local Rules of Practice for Chancery Court in Montgomery County, jury and non-jury cases may be continued only by leave of Court and only for good cause brought to the Court's attention as soon as practicable before the hearing or trial date.

6. Good cause exists here because Plaintiff Samuel Gray's attendance is materially important to the presentation of Plaintiffs' position, factual record, and ability to respond to any challenge raised by Defendants at the expedited hearing.

7. The requested continuance is narrowly tailored. Plaintiffs are not seeking dissolution, expansion, or modification of the Court's existing emergency protections except to the extent necessary to ensure they remain operative through the reset hearing date.

8. Unless the current restraints remain in full force pending the reset hearing, Defendants or persons acting in concert with them could attempt to record, deliver, transfer, rely upon, or enforce a trustee's deed or otherwise disturb possession before Plaintiffs are heard fully, thereby causing immediate and irreparable harm and potentially rendering final relief ineffectual.

9. Maintaining the current restraints pending the reset hearing will preserve the status quo, avoid prejudice, and ensure an orderly and fair adjudication of the issues already before the Court.

10. Plaintiffs further request that the Court specify that no act taken by Defendants during the interim period shall be argued as having been permitted by any continuance, silence, non-appearance, or scheduling accommodation granted herein.

EMERGENCY MOTION TO CONTINUE AND RESET EXPEDITED HEARING

11. Plaintiffs additionally request that the Court order that no default, waiver, abandonment, forfeiture, acquiescence, consent, or adverse inference shall arise from Plaintiff Samuel Gray's inability to attend the presently scheduled hearing due to his prior professional engagement.

12. To the extent the Court deems additional security or confirmation of the existing bond appropriate, Plaintiffs request that the current bond remain in effect through the reset hearing, or alternatively that Plaintiffs be allowed a reasonable period to post any supplemental bond ordered by the Court, without dissolving the existing restraints before such time expires.

## III. REQUESTED PROTECTIVE PROVISIONS

13. Plaintiffs specifically request that the Court's order continuing the hearing also provide that, pending the reset hearing and further order of the Court:

   a. Defendants, and all persons acting in concert with them, remain enjoined from recording, delivering, transferring, assigning, enforcing, or relying upon any trustee's deed, substitute trustee's deed, foreclosure deed, or similar instrument concerning the subject property located at 954 Terrace Creek Ln., Clarksville, Tennessee 37040;

   b. Defendants remain enjoined from seeking possession, lockout, eviction, self-help dispossession, utility interruption, changing locks, posting notices to vacate, interference with quiet enjoyment, or any other act disturbing Plaintiffs' possession of the property;

   c. The status quo as to title, possession, occupancy, access, and utilities shall be preserved in all respects;

   d. No action taken or attempted in violation of the Court's prior order or any order entered on this motion shall create or perfect any additional rights in Defendants;

   e. No continuance granted herein shall be construed as mootness, waiver, abandonment of claims, consent to foreclosure-related actions, or concession of the validity of any sale, deed, assignment, substitution, or enforcement act at issue;

EMERGENCY MOTION TO CONTINUE AND RESET EXPEDITED HEARING

f. Defendants shall refrain from any effort to exploit the reset hearing date to claim a lapse, gap, expiration, or relaxation of the Court's previously entered injunctive protections;

g. All deadlines or obligations tied to the expedited hearing date shall be correspondingly extended to the reset hearing date unless otherwise ordered by the Court.

14. Plaintiffs are available on the Court's next available expedited date and respectfully request that the matter be reset at the earliest practicable time convenient to the Court.

15. Plaintiffs further state that this request is made in good faith and not for purposes of delay, harassment, or needless increase in the cost of litigation.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an order:

A. Continuing and resetting the expedited hearing currently set for March 25, 2026, at 9:00 a.m. to the earliest practicable date available to the Court;

B. Providing that all emergency relief previously entered shall remain in full force and effect, without lapse, through the reset hearing date and until further order of the Court;

C. Prohibiting any recording, delivery, transfer, enforcement, possession effort, lockout, eviction, utility interruption, or other disturbance of Plaintiffs' possession pending the reset hearing;

D. Providing that no waiver, default, abandonment, acquiescence, or adverse inference shall arise from Plaintiff Samuel Gray's non-appearance at the presently scheduled hearing due to his prior professional engagement;

E. Maintaining the presently set bond, or alternatively allowing reasonable time for any supplemental bond the Court may require, without dissolving the existing restraints before the expiration of such period; and

F. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

SAMUEL GRAY

954 Terrace Creek Ln.

EMERGENCY MOTION TO CONTINUE AND RESET EXPEDITED HEARING

Clarksville, TN 37040

216.413.9657

rgray101218@gmail.com

RACHEL HINKLE GRAY

954 Terrace Creek Ln.

Clarksville, TN 37040

216.413.9657

rgray101218@gmail.com


Plaintiffs, Pro Se

EMERGENCY MOTION TO CONTINUE AND RESET EXPEDITED HEARING

Samuel Gray and Rachel Hinkle Gray
954 Terrace Creek Ln.
Clarksville, TN 37040
216.413.9657
rgray101218@gmail.com

Plaintiffs, Pro Se

ELECTRONICALLY FILED 2026 Mar 23 2:30 PM - MCCHCVRE26000005 Montgomery County, Chancery Court

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

SAMUEL GRAY and
RACHEL HINKLE GRAY,

               Plaintiffs,

    v.

AMERIS BANK, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. RE-26-5

**DECLARATION OF SAMUEL GRAY IN SUPPORT OF EMERGENCY MOTION TO CONTINUE AND RESET HEARING**

I, Samuel Gray, declare under penalty of perjury pursuant to Tenn. R. Civ. P. 72 that:

1. I am a Plaintiff in this action and have personal knowledge of the matters stated herein.

2. The Court has set an expedited hearing in this matter for March 25, 2026, at 9:00 a.m.

3. Before that hearing date was set, I had already committed to a professional engagement that I must attend and cannot reasonably cancel or reschedule.

4. My inability to appear on the current hearing date is not intentional and is not sought for delay, gamesmanship, or any improper purpose.

5. My participation at the expedited hearing is important to the presentation of Plaintiffs' factual position and to the protection of our rights concerning the subject property.

DECLARATION OF SAMUEL GRAY

6. I respectfully request a brief continuance and reset of the hearing to the earliest date available, with all existing emergency protections to remain in place until that hearing occurs.

7. I make this declaration in support of Plaintiffs' Emergency Motion to Continue and Reset Expedited Hearing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/23/ , 2026.

Samuel Gray

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 69 of 156 PageID #: 78

DECLARATION OF SAMUEL GRAY

Samuel Gray and Rachel Hinkle Gray
954 Terrace Creek Ln.
Clarksville, TN 37040
216.413.9657
rgray101218@gmail.com

Plaintiffs, Pro Se

DEFENDANT'S
EXHIBIT
B-12



# IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

SAMUEL GRAY and
RACHEL HINKLE GRAY,

        Plaintiffs,

v.

AMERIS BANK, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. RE-26-5

**PROPOSED ORDER CONTINUING AND RESETTING EXPEDITED HEARING AND MAINTAINING EMERGENCY RELIEF PENDING RESET HEARING**

~~DENIED~~

Upon consideration of Plaintiffs' Emergency Motion to Continue and Reset Expedited Hearing, supporting declaration, the record as a whole, and for good cause shown, the Court finds that a brief continuance is warranted and that the status quo should remain preserved pending the reset hearing.

IT IS THEREFORE ORDERED:

1.    The expedited hearing previously set for March 25, 2026, at 9:00 a.m. is CONTINUED and RESET for the _____ day of _____, 2026, at _____ __.m.

2.    All relief previously entered by this Court preserving possession, enjoining recording or delivery of trustee's deed, and preserving the status quo shall remain in full force and effect, without lapse, pending the reset hearing and further order of this Court.

1

3. Defendants, and all persons acting in concert with them, remain enjoined from recording, delivering, transferring, assigning, enforcing, or relying upon any trustee's deed, substitute trustee's deed, foreclosure deed, or similar instrument concerning the property located at 954 Terrace Creek Ln., Clarksville, Tennessee 37040, pending further order.

4. Defendants remain enjoined from seeking possession, lockout, eviction, utility interruption, changing locks, posting notices to vacate, or otherwise disturbing Plaintiffs' possession of the property pending further order.

5. No waiver, default, abandonment, acquiescence, consent, or adverse inference shall arise from Plaintiff Samuel Gray's inability to attend the originally scheduled hearing due to the professional conflict identified in Plaintiffs' motion.

6. The status quo as to title, possession, occupancy, access, and utilities shall be preserved in all respects pending the reset hearing.

7. The bond previously set shall remain in effect pending the reset hearing [or: Plaintiffs shall post additional bond in the amount of $_____ on or before _____, 2026, and the existing injunctive relief shall remain in force unless and until otherwise ordered by the Court].

8. Costs of this motion shall be reserved.

IT IS SO ORDERED.

_____

CHANCELLOR / JUDGE

ENTERED: _____

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was served upon all counsel of record and/or all pro se parties by [hand delivery / U.S. Mail / email / e-filing] on this ____ day of _____, 2026.

PROPOSED ORDER CONTINUING AND RESETTING ERROR HEARING

Samuel Gray

DENIED

# DENIED EXPLANATION

Case Title:   GRAY, RACHEL ET AL. VS. AMERIS BANK ET AL.

Case Number:   MCCHCVRE260000005

Document:     DENIED ORDER

Denied by: Benjamin Dean

Date Denied: 03/24/2026 12:22:17

Reason:
WIFE CAN APPEAR

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

**RACHEL GRAY and
SAMUEL GRAY,**
Plaintiffs, Pro Se



vs.

**AMERIS BANK, et. al**
Defendants

Case No.  RE-26-5

### DOCKET ENTRY / NOTICE AND REQUEST

Comes now the undersigned and respectfully shows unto the Court as follows:

1. On February 9, 2026, during proceedings held in open court, Defendant failed to appear. At that time the Court announced that it would reschedule a review of the matter for March 25, 2026.
2. At that proceeding,  Plaintiff advised the Court that Plaintiff would be out of town and unable to appear on March 25, 2026; the Court acknowledged Plaintiff's statement and, by agreement of the Court, continued the review to March 12, 2026.
3. Plaintiff appeared on March 12, 2026, and paid the bond required by the Court.
4. On March 13, 2026, Plaintiff received notice that the hearing had been scheduled for April 9, 2026, as set by the Court.
5. Subsequently, counsel for Defendant requested an expedited hearing; the Court granted the request and reset the hearing to March 25, 2026.
6. The March 25, 2026, date conflicts with Plaintiff's previously disclosed and Court-acknowledged unavailability, as stated on the record on February 9, 2026.

WHEREFORE, Plaintiff respectfully requests that the Court adhere to and recognize the April 9, 2026, hearing date as previously set, or, in the alternative, continue the hearing to a date convenient to the Court and counsel after April 9, 2026.

Respectfully submitted,

*Rachel M. Hinkle-Gray*
Rachel M. Hinkle-Gray
954 Terrace Creek Ln
Clarksville, TN 37042
216.413.9657
March, 24, 2026

ELECTRONICALLY FILED  2026 Mar 24 4:01 PM - MCCHCVRE260000005 Montgomery County, Chancery Court



ELECTRONICALLY FILED 2026 Mar 24 4:01 PM - MCCHCVRE260000005 Montgomery County, Chancery Court

**IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE
AT CLARKSVILLE**

Rachel M. Hinkle-Gray )
  Petitioner, et, al )
 )
 )
Vs. ) Docket No: MC-CH-CV- RE-26-5
 )
Ameris Bank, et al )
  Respondent. ) Presiding Judge: Judge Dean
 )

## NOTICE OF INTENT TO APPEAR VIRTUALLY BY WEBEX

Notice is hereby given of the intent to present argument, testimony or evidence by virtual means in the above-captioned matter at a hearing set on the:

25th day of march , 20 26 at 9:00 (a.m) p.m.

Please take notice that the following participant(s)/witness(es) will be appearing via WebEx:

Rachel M. Hinkle-Gray — I will try as it was stated in open court on 2/9 that march 25 presented a schedule conflict in which the Judge acknowledged and moved the 2nd court date to 3/12 - march 25th is a conflict of date

Notice is hereby given this the 24th day of march , 20 26

_Rachel Hinkle-Gray_
WebEx Requestor's Name/Signature

(216)413-9657
(Phone Number)

854 Terrace Creek Ln.
(Address)

rgray101218@gmail.com
(Requestor's Email Address)

Clarksville, TN 37040
(City/State/Zip)

---

**The Web Address for the Court's Cisco WebEx Board (Room 305) is:**

https://mcgtn.webex.com/meet/courtroom305

Meeting Number:177 865 7379

**Join by video system:** Dial courtroom305@mcgtn.webex.com

You can also dial 173.243.2.68 and enter your meeting number.

Join by phone +1-415-655-0003 US Toll / Access code: 177 865 7379

<u>RULES APPLICABLE TO VIRTUAL APPEARANCES IN THE CHANCERY COURT OF
MONTGOMERY COUNTY, TENNESSEE</u>

- THIS NOTICE MAY BE UTILIZED BY ATTORNEYS, PARTIES AND WITNESSES AND MUST BE FILED NO LESS THAN 5 DAYS PRIOR TO ANY HEARING DATE.

- THIS FORM <u>MAY NOT BE</u> UTILIZED FOR USE AT JURY TRIALS.

- THIS FORM <u>MAY NOT BE</u> UTILIZED BY ANY PARTY FOR VIRTUAL APPEARANCE AT TRIAL WITHOUT COURT APPROVAL.

- THIS NOTICE SHALL BE SERVED ON ALL PARTIES UPON FILING.

- WITNESSES TESTIFYING VIRTUALLY <u>SHALL NOT</u> HAVE OTHER PERSONS PRESENT OR LISTENING DURING THEIR TESTIMONY.

## CERTIFICATE OF SERVICE

I hereby certify that on this the _24th_ day of _march_, 20_26_, a true and exact copy of the foregoing Notice of Intent to Appear Virtually has been emailed; mailed, postage prepaid; or put in the courthouse box of:

_Jason Nabors_
_7100 Commerce Way Ste. 273_
_Brentwood, TN 37057_

_____
Attorney/WebEx Requestor

DATE: _Rachel M. Nipple-Gray_
_3/24/26_

# IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE
## AT CLARKSVILLE



## CD REQUEST

If you would like to request a recording of a hearing from a Chancery Court proceeding, it is mandatory to fill out the information below.

The cost is $5.00 per CD. Payment shall be made upon pickup in the Clerk and Master's office.

The CD will contain all court activity for that session of court.

The number of the Courtroom in which the proceeding occurred is very important information, as some Judges rotate courtrooms. Please include this information.

MANDATORY INFORMATION:

_Rachel Gray; Samuel Gray vs. Amens Bank, et.al_
**Case Style**

_RE-26-5_
**Docket Number**

_Ben Dean_
**Judge**

_305_
**Courtroom Number**

_3/25/26_
**Date of Proceeding**

_Rachel M. Hinkle-Gray_
**Requested by**

_3/25/26_
**Date of this Request**

_(216) 413-9657_
**Phone Number**

**\*\*Please allow up to 24 hours for your CD to be available for pickup.**



**DEFENDANT'S EXHIBIT**
**B-16**

# CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

Rachel M. Hinkle-Gray, Samuel Gray

VS.

Amens Bank

SUMMONS TO: 3490 Piedmont Rd. NE

Ste 1550

Atlanta, GA 30305

**CASE NO.**
MC-CH-CV-__RE__ - __26__ - __5__

**METHOD OF SERVICE:**
☐ MONTGOMERY CO. SHERIFF
☐ SECRETARY OF STATE
☒ CERTIFIED MAIL
☐ COMM. OF INSURANCE
☐ PRIVATE PROCESS
☐ OUT OF COUNTY SHERIFF
☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 3/26/26

ATTORNEY NAME & ADDRESS Rachel M. Hinkle-Gray
954 Terrace Creek Ch
Clarksville, TN 37040

**HEATHER L. MOORE**
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

By _____
Deputy Clerk and Master

*************************************************************************

## RETURN ON PERSONAL SERVICE OF SUMMONS

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☐ I was unable to execute this summons and a copy of the Complaint because_____

On this the _____ day of _____, 20____      _____
Sheriff / Process Server

*************************************************************************

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-____-____-____ to the Defendant, _____. On _____, 20____ I received the return receipt, which had been signed by_____ on _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

*************************************************************************

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

*************************************************************************

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

3/26/26
Date

_____
Deputy Clerk & Master

**ADA – FOR ASSISTANCE CALL (931) 920-1844**

Case 3:26-cv-00381 – Document 1-1 Filed 05/31/26 – Page 78 of 156 PageID #: 87

ELECTRONICALLY RECEIVED 2026 Mar 26 10:39 AM - MCCHCVRE26000000 Montgomery County, Chancery Court


DEFENDANT'S
EXHIBIT
B-17

# CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

Rachel M. Hinkle-Gray, Samuel Gray

VS.

Dovenmuehle Mortgage

SUMMONS TO: 1 Coroporate Dr.

Ste. 360

Lake Zurich, IL 60047

CASE NO.
MC-CH-CV- RE - 26 - 5

**METHOD OF SERVICE:**
☐ MONTGOMERY CO. SHERIFF
☐ SECRETARY OF STATE
☐ CERTIFIED MAIL
☐ COMM. OF INSURANCE
☐ PRIVATE PROCESS
☐ OUT OF COUNTY SHERIFF
☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 3/26/26

ATTORNEY NAME & ADDRESS Rachel M. Hinkle-Gray
954 Terrace Creek Ln
Clarksville TN 37040

**HEATHER L. MOORE**
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

By _____
Deputy Clerk and Master

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RETURN ON PERSONAL SERVICE OF SUMMONS

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☐ I was unable to execute this summons and a copy of the Complaint because _____

On this the _____ day of _____, 20____

_____
Sheriff / Process Server

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-____-____-____ to the Defendant, _____. On _____, 20____ I received the return receipt, which had been signed by _____ on _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):** Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

3/26/26
Date

_____
Deputy Clerk & Master

# ADA – FOR ASSISTANCE CALL (931) 920-1844

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 79 of 156 PageID #: 88


DEFENDANT'S EXHIBIT
B-18

# CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

Rachel M. Hinkle-Gray  Samuel Gray

VS.

Mackie Wolf Zientz · Mann, P.C.

SUMMONS TO: 725 Cool Springs Blvd

Suite 140

Franklin, TN 37067

**CASE NO.**
MC-CH-CV- RE-20-S

**METHOD OF SERVICE:**
- ☐ MONTGOMERY CO. SHERIFF
- ☐ SECRETARY OF STATE
- ☒ CERTIFIED MAIL
- ☐ COMM. OF INSURANCE
- ☐ PRIVATE PROCESS
- ☐ OUT OF COUNTY SHERIFF
- ☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 3/26/26

ATTORNEY NAME & ADDRESS Rachel M. Hinkle-Gray
954 Terrace Creek Ln.
Clarksville, TN 37040

**HEATHER L. MOORE**
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

By _____
Deputy Clerk and Master

*********************************************************************

## RETURN ON PERSONAL SERVICE OF SUMMONS

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☐ I was unable to execute this summons and a copy of the Complaint because _____

On this the _____ day of _____, 20____

_____
Sheriff / Process Server

*********************************************************************

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-____-____-____ to the Defendant, _____. On _____, 20____ I received the return receipt, which had been signed by _____ on _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

*********************************************************************

## NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):** Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.

*********************************************************************

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

3/26/26
Date

_____
Deputy Clerk & Master

## ■ADA – FOR ASSISTANCE CALL (931) 920-1844

DEFENDANT'S
EXHIBIT
B-19

Rachel M. Hinkle-Gray
954 Terrace Creek Lane
Clarksville, Tennessee 37040
(216) 413-9657
Email: rgray101218@gmail.com
Plaintiffs, Pro Se

RACHEL M. HINKLE-GRAY AND SAMUEL GRAY, PRO SE

# IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

RACHEL GRAY and SAMUEL GRAY,      )    Case No.: RE-26-5

          Plaintiff(s),       )    **ABSTRACT OF LIEN LIS PENDENS**

   vs.                                 )

AMERIS BANK, et al.,              )

                                        )

          Defendant(s).     )

ABSTRACT OF LIEN LIS PENDENS

Pursuant to T.C.A. § 20-3-101

NOTICE IS HEREBY GIVEN, pursuant to Tennessee Code Annotated § 20-3-101, that a civil action has been filed in the Chancery Court for Montgomery County, Tennessee, which affects title to, ownership of, and encumbrances upon the real property described herein. The following is an abstract of the action:

## 1. COURT AND CASE NUMBER

Chancery Court for Montgomery County, Tennessee

Case No.: RE-26-5

1

ABSTRACT OF LIEN LIS PENDENS

Case 3:26-cv-00381     Document 1-1     Filed 03/31/26     Page 81 of 156 PageID #: 90

ELECTRONICALLY FILED 2026 Mar 26 11:00 AM - MONTGOMERY26000000 Montgomery County, Chancery Court

## 2. NAMES OF THE PARTIES

**Plaintiffs:** Rachel Gray and Samuel Gray

**Defendants:** Ameris Bank, et al.

## 3. DESCRIPTION OF REAL ESTATE AFFECTED

The real property affected by this action is located at:

**954 Terrace Creek Lane**

**Clarksville, Tennessee 37040**

More particularly described as:

**Lot No. 43, Terraces of Hearthstone Subdivision, Section 1, as shown on plat of record in the Register's Office of Montgomery County, Tennessee.**

Map and Parcel Number: 043

## 4. OWNERSHIP

The above-described property is owned by, or claimed to be owned by, Plaintiffs Rachel Gray and Samuel Gray.

## 5. NATURE AND AMOUNT OF LIEN SOUGHT TO BE FIXED

The above-referenced civil action was filed on January 22, 2026. Plaintiffs assert claims directly affecting title to, ownership of, and encumbrances upon the above-described real property, including but not limited to:

a. Claims challenging the validity and enforceability of foreclosure proceedings initiated by Defendants against the Property;

b. Breach of contract claims affecting the mortgage, deed of trust, and related loan obligations encumbering the Property;

c. Claims affecting the validity of liens, encumbrances, and title interests asserted by Defendants against the Property.

The amount in controversy exceeds Fifty Dollars ($50.00), the jurisdictional minimum for chancery court under T.C.A. § 16-11-103. The full amount of the lien sought to be fixed is the value of Plaintiffs' interest in the Property, which Plaintiffs aver to be the fair market value of the Property.

ABSTRACT OF LIEN LIS PENDENS

## 6. DATE OF FILING

The underlying action was filed on January 22, 2026, in the Chancery Court for Montgomery County, Tennessee.

This Abstract of Lien Lis Pendens is filed for record in the Register's Office of Montgomery County, Tennessee, pursuant to T.C.A. § 20-3-101, to provide constructive notice to all persons that the above-described real property is the subject of pending litigation, and that any interest acquired in the Property during the pendency of such litigation shall be subject to the outcome thereof.

DATED: March 26, 2026

_Rachel M. Hinkle-Gray_
*Plaintiff, Pro Se*
954 Terrace Creek Lane, Clarksville, Tennessee 37040
Telephone: (216) 413-9657 | Email: rgray101218@gmail.com

**Samuel Gray**
*Plaintiff, Pro Se*
954 Terrace Creek Lane, Clarksville, Tennessee 37040

### CLERK'S CERTIFICATION

I, the undersigned Clerk of the Chancery Court for Montgomery County, Tennessee, do hereby certify that the foregoing is a true and correct abstract of the lien lis pendens in the above-referenced case, as required by T.C.A. § 20-3-101.

Date: _____

_____
Clerk, Chancery Court
Montgomery County, Tennessee

[SEAL]

ABSTRACT OF LIEN LIS PENDENS

Rachel M. Hinkle-Gray
954 Terrace Creek Lane
Clarksville, Tennessee 37040
(216) 413-9657
Email: rgray101218@gmail.com
Plaintiffs, Pro Se

RACHEL M. HINKLE-GRAY AND SAMUEL GRAY, PRO SE

# IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

| | |
|---|---|
| RACHEL GRAY and SAMUEL GRAY, <br><br> Plaintiff(s), <br><br> vs. <br><br> AMERIS BANK, et al., <br><br><br> Defendant(s). | Case No.: RE-26-5 <br><br> **MOTION TO ENFORCE LIS PENDENS** |

INTRODUCTION

Come now the Plaintiffs, Rachel Gray and Samuel Gray, proceeding pro se, and respectfully move this Honorable Court, pursuant to T.C.A. § 20-3-101 et seq. and T.C.A. § 25-5-101(c), to recognize and enforce the Notice of Lis Pendens filed in connection with this matter, and to confirm that the subject property remains under the jurisdiction of this Court during the pendency of this action. In support thereof, Plaintiffs state as follows:

## I. STATEMENT OF FACTS

1. On January 22, 2026, Plaintiffs filed this action asserting claims directly affecting title, ownership, and encumbrances to the real property located at 954 Terrace Creek Lane, Clarksville,

MOTION TO ENFORCE LIS PENDENS

Tennessee 37040, more particularly described as Lot No. 43, Terraces of Hearthstone Subdivision, Section 1, Montgomery County, Tennessee (the "Property").

2. Plaintiffs' claims include foreclosure-related claims and breach of contract claims that directly challenge the validity and enforceability of liens, encumbrances, and title interests asserted by Defendants against the Property.

3. In connection with this action, Plaintiffs filed a Notice of Lis Pendens with the Montgomery County Register of Deeds, providing constructive notice to all third parties that this litigation directly affects title to the Property.

4. The Property is Plaintiffs' primary residence. Protection of Plaintiffs' interests in the Property during the pendency of this litigation is essential to the just resolution of this case.

## II. LEGAL STANDARD

### A. T.C.A. § 20-3-101: The Lis Pendens Statute

Tennessee Code Annotated § 20-3-101(a) provides that when any person, in any court of record, "seeks to fix a lien lis pendens on real estate, or any interest in real estate, situated in the county of suit," that person shall file an abstract in the register's office containing the names of the parties, a description of the real estate affected, its ownership, and a brief statement of the nature of the lien sought to be fixed. Under subsection (b), "[u]ntil the abstract is so filed, so far as concerns the rights of bona fide purchasers and encumbrancers, for value, of the realty, or any interest in the realty, they shall not be affected."

### B. T.C.A. § 25-5-101(c): Effectiveness Against Third Parties

Tennessee Code Annotated § 25-5-101(c) further provides that "[a]ttachments, orders, injunctions and other writs affecting title, use or possession of real estate, issued by any court, shall be effective against any person having, or later acquiring, an interest in such property who is not a party to the action" only after a notice of lis pendens is recorded in the register's office of the county where the property is situated. This statute reinforces the critical importance of the lis pendens as a mechanism for protecting the Court's jurisdiction over the Property and Plaintiffs' claims.

### C. Tenn. R. Civ. P. 69.07(1): Lis Pendens Applies to Realty in Suit

MOTION TO ENFORCE LIS PENDENS

Tennessee Rule of Civil Procedure 69.07(1) confirms that "[a] lien lis pendens applies only to realty that is the subject matter of a lawsuit and described in the complaint." Plaintiffs' Complaint identifies the Property by address and legal description and asserts claims that directly affect title to the Property. The lis pendens is therefore properly applied.

### III. ARGUMENT

#### A. The Lis Pendens Is Properly Filed and Should Be Enforced

The purpose of a lis pendens is "to enable the court hearing the lawsuit to retain jurisdiction over the land pending the conclusion of the lawsuit." *Cannon Mills, Inc. v. Spivey*, 208 Tenn. 419, 346 S.W.2d 266 (1961). Without the lis pendens, a defendant "might easily avoid justice by selling the land after the filing of the lawsuit." The lis pendens doctrine is "based on necessity and notice": necessity because without it, "litigation could be indefinitely prolonged in consequence of successive alienations of the property in dispute," and notice because "the court records are notice to the world." *See* Gibson's Suits in Chancery § 4.02 (8th ed.).

Here, Plaintiffs have filed an action in the Chancery Court for Montgomery County—the county in which the Property is situated—asserting claims that directly affect title to the Property. The lis pendens was properly filed with the Montgomery County Register of Deeds in compliance with T.C.A. § 20-3-101. The claims in this case are not claims for mere money damages; they are claims challenging the validity of foreclosure proceedings and contractual obligations directly encumbering the Property. This is precisely the type of action for which the lis pendens statute was enacted.

#### B. Enforcement Protects the Court's Jurisdiction and the Integrity of Its Judgment

Enforcement of the lis pendens serves to protect the Court's ability to render an effective judgment in this case. Under T.C.A. § 25-5-101(c), court orders affecting title or possession of real estate are effective against third parties only after a notice of lis pendens is recorded. If the lis pendens is not recognized and enforced, any judgment this Court ultimately renders on Plaintiffs' title claims could be defeated by a subsequent transfer or encumbrance of the Property. The lis pendens preserves the status quo and ensures that the Court's eventual resolution of this dispute will be meaningful and enforceable.

MOTION TO ENFORCE LIS PENDENS

### C. The Chancery Court's Equitable Powers Support Enforcement

Under T.C.A. § 16-11-101, Tennessee chancery courts possess "all the powers, privileges, and jurisdiction properly and rightfully incident to a court of equity." This includes inherent jurisdiction over actions involving the enforcement of liens created by mortgages and deeds of trust. Enforcement of the lis pendens is consistent with the equitable maxim that "equity will not suffer a wrong without a remedy" and ensures that Plaintiffs are not deprived of their property rights while their claims remain pending.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Rachel Gray and Samuel Gray respectfully request that this Court:

a. Recognize and enforce the Notice of Lis Pendens filed by Plaintiffs with the Montgomery County Register of Deeds;

b. Confirm that the Property located at 954 Terrace Creek Lane, Clarksville, Tennessee 37040 (Lot No. 43, Terraces of Hearthstone Subdivision, Section 1) remains under the jurisdiction of this Court during the pendency of this action;

c. Order that any transfer, sale, encumbrance, or other disposition of the Property during the pendency of this action shall be subject to the outcome of this litigation; and

d. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
DATED: March 26, 2026

Rachel M. Hinkle-Gray
*Plaintiff, Pro Se*
954 Terrace Creek Lane, Clarksville, Tennessee 37040
Telephone: (216) 413-9657 | Email: rgray101218@gmail.com

Samuel Gray
*Plaintiff, Pro Se*
954 Terrace Creek Lane, Clarksville, Tennessee 37040

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Enforce Lis Pendens has been served upon the Defendants and/or their counsel of record by [U.S. Mail, first class, postage prepaid] [hand delivery] [electronic service] on this 26th day of March, 2026, addressed as follows:

Jason Nabors

4

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 87 of 156 PageID #: 96

725 Cool Springs Blvd, Suite 140
Franklin, TN

Rachel M. Hinkle-Gray

MOTION TO ENFORCE LIS PENDENS

Rachel M. Hinkle-Gray
954 Terrace Creek Lane
Clarksville, Tennessee 37040
(216) 413-9657
Email: rgray101218@gmail.com
Plaintiffs, Pro Se



DEFENDANT'S EXHIBIT B-20

RACHEL M. HINKLE-GRAY AND SAMUEL GRAY, PRO SE

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

RACHEL GRAY and SAMUEL GRAY,

          Plaintiff(s),

vs.

AMERIS BANK, et al.,

          Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: RE-26-5

**EMERGENCY MOTION TO STAY ENFORCEMENT OF COURT ORDER AND TO STAY EVICTION PROCEEDINGS**

## INTRODUCTION

Come now the Plaintiffs, Rachel Gray and Samuel Gray, proceeding *pro se*, and respectfully move this Honorable Court, pursuant to Tennessee Rules of Civil Procedure 62.01, 62.02, and 65.04, and this Court's inherent equitable powers under T.C.A. § 16-11-101, for an emergency stay of enforcement of the Court's prior order dissolving the Temporary Restraining Order and for a temporary prohibition on all eviction and possession actions related to the subject property located at 954 Terrace Creek Lane, Clarksville, Tennessee 37040. In support thereof, Plaintiffs state as follows:

## I. STATEMENT OF FACTS

1

EMERGENCY MOTION TO STAY ENFORCEMENT OF COURT ORDER AND TO STAY EVICTION PROCEEDINGS

1. On January 22, 2026, Plaintiffs filed this action asserting claims affecting title to the subject property located at **954 Terrace Creek Lane, Clarksville, Tennessee 37040** (the "Property"). The Property is Plaintiffs' primary residence and the home of their family.

2. The Court previously entered a Temporary Restraining Order preserving the status quo with respect to possession of the Property during the pendency of this litigation.

3. The Court has since dissolved the Temporary Restraining Order, thereby permitting Defendants to proceed with enforcement actions, including eviction and dispossession of Plaintiffs from their home.

4. Plaintiffs have filed a Motion to Reconsider the Court's order dissolving the TRO. That motion remains pending before this Court.

5. Absent a stay of enforcement, Plaintiffs face the immediate and permanent loss of their primary residence while their claims and pending motions remain unresolved by this Court.

## II. LEGAL STANDARD

### A. Tennessee Rule of Civil Procedure 62

Tennessee Rule of Civil Procedure 62.01 provides that "no execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry." Furthermore, Rule 62.02 provides that enforcement "shall also be stayed pending and for 30 days after entry of" any order made upon a timely motion to "alter or amend the judgment" under Rule 59.04. Because Plaintiffs have filed a timely Motion to Reconsider—which functions as a Rule 59.04 motion to alter or amend—enforcement of the Court's order should be stayed pending resolution of that motion.

### B. Tennessee Rule of Civil Procedure 65.04

Tennessee Rule of Civil Procedure 65.04(2) provides that a temporary injunction may be granted "if it is clearly shown by verified complaint, affidavit or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual."

2
EMERGENCY MOTION TO STAY ENFORCEMENT OF COURT ORDER AND TO STAY EVICTION PROCEEDINGS

## C. Inherent Equitable Authority of the Chancery Court

Under T.C.A. § 16-11-101, Tennessee chancery courts "shall have all the powers, privileges, and jurisdiction properly and rightfully incident to a court of equity." This includes the inherent equitable power to preserve the status quo pending resolution of claims before the Court. As the Tennessee Supreme Court recognized in *Mabry v. Ross*, 48 Tenn. 769, 773–74 (1870), courts of equity "have constantly declined to lay down any rule which shall limit their power and discretion as to the particular cases in which injunctions shall be granted or withheld," because "it is impossible to foresee all the exigencies of society which may require their aid to protect rights or redress wrongs."

## D. The Four-Factor Test for Injunctive Relief

Tennessee courts apply a four-factor test when considering injunctive relief, as set forth in *South Central Tennessee Railroad Authority v. Harakas*, 44 S.W.3d 912, 919 n.6 (Tenn. Ct. App. 2000), and reaffirmed in *Denver Area Meat Cutters and Employers Pension Plan ex rel. Clayton Homes, Inc. v. Clayton*, 120 S.W.3d 841, 857 (Tenn. Ct. App. 2003). The four factors are: (1) the threat of irreparable harm to the movant if the injunction is not granted; (2) the balance between this harm and the injury that granting the injunction would inflict on the opposing party; (3) the probability that the movant will succeed on the merits; and (4) whether the injunction serves the public interest.

## III. ARGUMENT

### A. Plaintiffs Will Suffer Irreparable Harm Absent a Stay

Without a stay, Plaintiffs will lose their primary family residence—an injury that is, by its very nature, irreparable. Under Tennessee law, harm is "irreparable" when it "is not fully compensable by monetary damages." *Murfreesboro Medical Clinic, P.A. v. Udom*, 2004 WL 193049, at *2 (Tenn. Ct. App. 2004). Loss of one's home is the paradigmatic example of such harm. It is a foundational principle of equity that real property is unique and that no monetary award can truly compensate for its loss. This principle is why equity has long recognized specific performance as the appropriate remedy in real property disputes—precisely because damages are inadequate. The

3

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 91 of 156 PageID #: 100

forced removal of Plaintiffs from their family home while their legal claims remain pending would constitute immediate and permanent harm that no subsequent court order could undo.

Furthermore, under Rule 65.04(2), injunctive relief is warranted where "the acts or omissions of the adverse party will tend to render such final judgment ineffectual." If Defendants proceed to evict Plaintiffs and obtain possession of the Property, any favorable judgment Plaintiffs may ultimately obtain in this action will be rendered meaningless. The very subject of this litigation—Plaintiffs' possession of and rights in the Property—will have been destroyed before the Court can rule on the merits.

**B. The Balance of Harms Favors Plaintiffs**

Any harm to Defendants from a temporary stay is minimal. Ameris Bank is a large financial institution whose interest in the Property is financial in nature. Defendants have demonstrated no urgency in this matter, having failed to appear at two scheduled hearings. A brief delay in enforcement proceedings while this Court resolves Plaintiffs' pending Motion to Reconsider does not deprive Defendants of any rights—it merely postpones the exercise of those rights for a limited period. The Property remains as security for whatever interest Defendants may hold. By contrast, Plaintiffs face the complete loss of their home—the very subject matter of this litigation. The balance of equities decisively favors Plaintiffs.

**C. Plaintiffs Have Raised Substantial Claims on the Merits**

Plaintiffs have asserted claims directly affecting title to the Property. These claims remain pending before this Court and have not been adjudicated on the merits. Plaintiffs have also filed a timely Motion to Reconsider, which raises legal and factual issues that warrant further review. A stay is appropriate to allow this Court the opportunity to fully consider those issues without the mooting effect of an eviction during the pendency of the motion. As the Tennessee Supreme Court has held, reviewing courts must "construe the complaint in favor of the plaintiff, accept the allegations of fact as true, and deny the motion unless it appears that the plaintiff can establish no facts" supporting the claims. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011).

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 92 of 156 PageID #: 101

EMERGENCY MOTION TO STAY ENFORCEMENT OF COURT ORDER AND TO STAY EVICTION PROCEEDINGS

### D. The Public Interest Supports a Stay

Tennessee public policy favors the preservation of homeownership and the resolution of property disputes on the merits. The public interest is not served by allowing the forced eviction of a family from their home while their claims remain pending before the Court. Courts have consistently recognized that the public interest is served by maintaining the status quo pending full adjudication of disputed property rights. Conversely, there is no public interest in permitting enforcement actions that would render pending litigation moot and deny litigants their day in court.

### IV. ALTERNATIVE BASIS: RULE 62.02 AUTOMATIC STAY

Independently of the four-factor analysis, Tennessee Rule of Civil Procedure 62.02 provides an automatic stay of enforcement "pending and for 30 days after entry of" an order on a timely motion to alter or amend a judgment under Rule 59.04. Plaintiffs have filed a timely Motion to Reconsider, which functions as a Rule 59.04 motion. To the extent that the Court's dissolution of the TRO constitutes an enforceable order, enforcement is automatically stayed pending disposition of Plaintiffs' Motion to Reconsider under the express terms of Rule 62.02.

### CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Rachel Gray and Samuel Gray respectfully request that this Court:

1. Enter an emergency stay of enforcement of the Court's order dissolving the Temporary Restraining Order;

2. Temporarily prohibit Defendants and their agents from pursuing any eviction or possession actions against Plaintiffs during the pendency of Plaintiffs' Motion to Reconsider and the resolution of the underlying claims;

3. Schedule an expedited hearing on this Motion;

4. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

DATED: March 26, 2026

5

EMERGENCY MOTION TO STAY ENFORCEMENT OF COURT ORDER AND TO STAY EVICTION PROCEEDINGS

_[signature]_
**Rachel M. Hinkle-Gray**
_Plaintiff, Pro Se_
954 Terrace Creek Lane
Clarksville, Tennessee 37040
Telephone: (216) 413-9657

_[signature]_
**Samuel Gray**
_Plaintiff, Pro Se_
954 Terrace Creek Lane
Clarksville, Tennessee 37040

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Emergency Motion to Stay Enforcement of Court Order and to Stay Eviction Proceedings has been served upon the Defendants and/or their counsel of record by [U.S. Mail, first class, postage prepaid] [hand delivery] [electronic service] on this 26th day of March, 2026, addressed as follows:

Jason Nabors
725 Cool Springs Blvd, Suite 140
Franklin, TN 37067

_[signature]_
**Rachel M. Hinkle-Gray**
_Plaintiff, Pro Se_

6
EMERGENCY MOTION TO STAY ENFORCEMENT OF COURT ORDER AND TO STAY EVICTION
PROCEEDINGS

Rachel M. Hinkle-Gray
954 Terrace Creek Lane
Clarksville, Tennessee 37040
(216) 413-9657
Email: rgray101218@gmail.com
Plaintiffs, Pro Se

RACHEL M. HINKLE-GRAY AND SAMUEL GRAY, PRO SE

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE

| | |
|---|---|
| RACHEL GRAY and SAMUEL GRAY, | ) Case No.: RE-26-5 |
| Plaintiff(s), | ) **MOTION TO ALTER OR AMEND ORDER** |
| vs. | ) **PURSUANT TO TENN. R. CIV. P. 59.04 /** |
| | ) **MOTION TO RECONSIDER** |
| AMERIS BANK, et al., | ) |
| Defendant(s). | ) |

## INTRODUCTION

Come now the Plaintiffs, Rachel Gray and Samuel Gray, proceeding pro se, and respectfully move this Honorable Court, pursuant to Tennessee Rule of Civil Procedure 59.04, to alter, amend, and reconsider its order of March 25, 2026, ruling in favor of Defendants and dissolving the Temporary Restraining Order. This Motion is filed within thirty (30) days of the entry of said order. Plaintiffs respectfully submit that the Court's ruling was based on a clear factual error—namely, a finding that Defendants were not served—which is directly contradicted by the record in this case. In support thereof, Plaintiffs state as follows:

### I. STATEMENT OF FACTS

1

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 95 of 156 PageID #: 104

1. On January 22, 2026, Plaintiffs filed this action asserting claims affecting title, ownership, and encumbrances to the real property located at 954 Terrace Creek Lane, Clarksville, Tennessee 37040 (Lot No. 43, Terraces of Hearthstone Subdivision, Section 1) (the "Property"). The Property is Plaintiffs' primary residence.

2. Plaintiffs served Defendants with the initial Complaint and Summons. Plaintiffs possess proof of service demonstrating that Defendants received actual notice of this litigation.

3. Critically, Defendants themselves confirmed receipt of service by filing a response in this case. Specifically, when Plaintiffs filed their initial motion, Defendants filed a responsive pleading arguing that the motion was "moot." This filing is part of the Court's record and constitutes conclusive evidence that Defendants had actual notice of this litigation and chose to participate—at least in part—in these proceedings.

4. Despite having actual notice and having participated in the litigation, Defendants subsequently failed to appear at two (2) scheduled hearings in this matter.

5. On March 25, 2026, the Court entered a ruling in favor of Defendants and dissolved the Temporary Restraining Order. In its ruling, the Court stated that Defendants were not served. Plaintiffs respectfully submit that this finding is directly contradicted by the Court's own record, which contains Defendants' responsive filing.

6. As a result of the Court's ruling, Plaintiffs face the immediate and irreparable loss of their primary family residence.

## II. LEGAL STANDARD

Tennessee Rule of Civil Procedure 59.04 provides that "[a] motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment."

The Tennessee Court of Appeals has established three grounds upon which a Rule 59.04 motion may be granted: "(1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice." *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998).

2

MOTION TO ALTER OR AMEND ORDER PURSUANT TO TENN. R. CIV. P. 59.04 / MOTION TO RECONSIDER

"The purpose of Tenn. R. Civ. P. 59 motions is to prevent unnecessary appeals by providing trial courts with an opportunity to correct errors before a judgment becomes final." *Id.*

The Tennessee Supreme Court has held that courts must evaluate the substance of post-trial motions rather than their titles, ensuring that procedural rules serve justice rather than becoming technical hurdles. *Tennessee Farmers Mutual Insurance Co. v. Farmer*, 970 S.W.2d 413, 416 (Tenn. 1998).

### III. ARGUMENT

*A. The Court's Finding That Defendants Were Not Served Is a Clear Factual Error Contradicted by the Court's Own Record*

The central basis for the Court's March 25, 2026 ruling was its finding that Defendants were not served. Plaintiffs respectfully submit that this finding is clearly erroneous, and that the Court's own record demonstrates otherwise.

The record contains a responsive filing by Defendants in which they argued that Plaintiffs' motion was "moot." A party that has not been served does not know about a case. A party that has not been served does not file responsive pleadings. The fact that Defendants filed a response in this case is irrefutable proof that they had actual knowledge of this litigation. Their subsequent failure to appear at hearings was a choice—not a consequence of deficient service.

Under *Bradley v. McLeod*, 984 S.W.2d at 933, a Rule 59.04 motion may be granted to "correct a clear error of law or to prevent injustice." A factual finding that Defendants were not served—when Defendants' own filing in this case proves they were—is precisely the type of clear error that Rule 59.04 is designed to correct. Allowing this error to stand would result in manifest injustice: Plaintiffs would lose their home based on a factual finding that is demonstrably wrong.

*B. Defendants' Filing Constitutes an Appearance Under Tennessee Law*

Even if this Court were to find some technical deficiency in the method of service, Defendants' responsive filing constitutes a voluntary appearance in this action. Under Tennessee Rule of Civil Procedure 12.01, a defendant who files any responsive pleading has entered an appearance and submitted to the jurisdiction of the Court. Tennessee courts have consistently held that a party who voluntarily participates in litigation waives objections to service of process. *See* Tenn. R. Civ. P.

3

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 97 of 156 PageID #: 106

12.08(1) (defense of insufficiency of process or service of process is waived if not raised in the first responsive pleading). Defendants filed a response without raising any objection to service. That objection is now waived.

*C. Defendants Who Appeared and Then Stopped Participating Are Subject to Default, Not Entitled to a Favorable Ruling*

The procedural posture of this case presents a troubling result. Defendants received service, filed a responsive pleading, and then abandoned the litigation by failing to appear at two scheduled hearings. Rather than having default entered against them under Tennessee Rule of Civil Procedure 55.01—as the Rules contemplate for a party that fails to defend—Defendants received a favorable judgment. The party that filed suit, appeared at every hearing, and prosecuted its claims was denied relief, while the party that stopped participating was rewarded.

This result is inconsistent with fundamental principles of equity. Under T.C.A. § 16-11-101, this Court possesses "all the powers, privileges, and jurisdiction properly and rightfully incident to a court of equity." The equitable maxim that "equity aids the vigilant, not those who slumber on their rights" compels reconsideration. Plaintiffs have been vigilant. Defendants have not. As the Tennessee Supreme Court recognized in *Mabry v. Ross*, 48 Tenn. 769, 773–74 (1870), courts of equity exist to "protect rights or redress wrongs" and possess broad discretion to do so.

*D. The Court's Ruling Renders Plaintiffs' Claims Ineffectual Without Adjudication on the Merits*

Plaintiffs' claims—including foreclosure-related claims and breach of contract claims directly affecting title to the Property—have never been adjudicated on the merits. The Court's ruling effectively disposes of these claims without reaching the substance of the dispute. Under Tennessee Rule of Civil Procedure 65.04(2), injunctive relief is appropriate where "the acts or omissions of the adverse party will tend to render such final judgment ineffectual." If Defendants proceed to evict Plaintiffs and dispose of the Property, any future judgment on Plaintiffs' title claims will be meaningless.

4

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 98 of 156 PageID #: 107

The four-factor test for injunctive relief under *South Central Tennessee Railroad Authority v. Harakas*, 44 S.W.3d 912, 919 n.6 (Tenn. Ct. App. 2000), favors Plaintiffs: (1) Plaintiffs face irreparable harm—loss of their primary residence, which cannot be compensated by monetary damages, *Murfreesboro Medical Clinic, P.A. v. Udom*, 2004 WL 193049, at *2 (Tenn. Ct. App. 2004); (2) the balance of harms favors Plaintiffs, as Defendants—a financial institution that could not be bothered to appear at two hearings—face only a minor delay; (3) Plaintiffs have raised substantial claims on the merits that have not been adjudicated; and (4) the public interest favors resolving property disputes on the merits rather than through procedural default.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Rachel Gray and Samuel Gray respectfully request that this Court:

a. Alter, amend, and reconsider its March 25, 2026 order on the grounds that the finding of insufficient service is clearly erroneous and contradicted by the Court's own record;

b. Vacate the ruling in favor of Defendants;

c. Reinstate protections preventing Defendants from pursuing enforcement actions, including eviction, during the pendency of this action;

d. Enter default against Defendants pursuant to Tenn. R. Civ. P. 55.01 for their failure to plead or otherwise defend this action;

e. Schedule an expedited hearing on this Motion; and

f. Grant any further relief the Court deems just and proper.

Respectfully submitted,
DATED: March 26, 2026

Rachel M. Hinkle-Gray, Plaintiff, Pro Se
954 Terrace Creek Lane, Clarksville, TN 37040
(216) 413-9657 | rgray101218@gmail.com

Samuel Gray, Plaintiff, Pro Se
954 Terrace Creek Lane, Clarksville, TN 37040

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 99 of 156 PageID #: 108

MOTION TO ALTER OR AMEND ORDER PURSUANT TO TENN. R. CIV. P. 59.04 / MOTION TO RECONSIDER

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Alter or Amend Order Pursuant to Tenn. R. Civ. P. 59.04 / Motion to Reconsider has been served upon the Defendants and/or their counsel of record by [U.S. Mail, first class, postage prepaid] [hand delivery] [electronic service] on this 26th day of March, 2026, addressed as follows:

Jason Nabors
725 Cool Springs Blvd, Suite 140
Franklin, TN 37067

Rachel M. Hinkle-Gray, Plaintiff, Pro Se

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 100 of 156 PageID #: 109



Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 101 of 156 PageID #: 110



9589 0710 5270 3278 9433 73

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Lake Zurich, IL 60047

Certified Mail Fee $5.30
0040
16

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $____
☐ Return Receipt (electronic) $11.00
☐ Certified Mail Restricted Delivery $11.00
☐ Adult Signature Required $____
☐ Adult Signature Restricted Delivery $11.00

Postmark
Here

Postage $11.95

Total Postage and Fees $17.25

Sent To _____ Mortgage
Street and Apt. No., or PO Box No. DiParis Dr. Ste 310 D
City, State, ZIP+4® Zurch, IL 60047

01/22/2026

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

---

9589 0710 5270 3278 9433 59

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Atlanta, GA 30305

Certified Mail Fee $5.30
0040
16

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $11.00
☐ Return Receipt (electronic) $11.00
☐ Certified Mail Restricted Delivery $11.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery $11.00

Postmark
Here

Postage $11.95

Total Postage and Fees $17.25

Sent To Ameris Bank
Street and Apt. No., or PO Box No. 3490 Piedmont Rd. NE Ste 1550
City, State, ZIP+4® Atlanta, GA 30305

01/22/2026

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

---



9589 0710 5270 3278 9433 66

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Franklin, TN 37067

Certified Mail Fee $5.30
0040
16

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $11.00
☐ Return Receipt (electronic) $11.00
☐ Certified Mail Restricted Delivery $11.00
☐ Adult Signature Required $____
☐ Adult Signature Restricted Delivery $11.00

Postmark
Here

Postage $11.95

Total Postage and Fees $17.25

Sent To Mackie Wolfe Zientz Mann, P.C.
Street and Apt. No., or PO Box No. 125 West Springs Blvd, Ste 140
City, State, ZIP+4® Franklin, TN 37067

01/22/2026

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

**ALERT: SEVERE WEATHER IN THE SOUTHERN, MIDWESTERN, AND ATLANTIC US MAY DELAY...**

# USPS Tracking®

**FAQs >**

**Remove ✕**

**Tracking Number:**

## 9589071052703278943359

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 3:45 pm on January 30, 2026 in ATLANTA, GA 30305.

**Get More Out of USPS Tracking:**

    **USPS Tracking Plus®**

## Delivered
### Delivered, Front Desk/Reception/Mail Room

ATLANTA, GA 30305
January 30, 2026, 3:45 pm

**See All Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

Feedback

**Text & Email Updates**     ∨

**USPS Tracking Plus®**     ∨

**Product Information**     ∨

**See Less** ∧

Track Another Package

**ALERT: SEVERE WEATHER IN THE SOUTHERN, MIDWESTERN, AND ATLANTIC US MAY DELAY...**

# USPS Tracking®

Remove ✕

Tracking Number:

## 9589071052703278943366

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 2:50 pm on January 28, 2026 in FRANKLIN, TN 37067.

## Get More Out of USPS Tracking:

**USPS Tracking Plus®**

## Delivered
**Delivered, Left with Individual**

FRANKLIN, TN 37067
January 28, 2026, 2:50 pm

**See All Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

Track Another Package

**ALERT: SEVERE WEATHER IN THE SOUTHERN, MIDWESTERN, AND ATLANTIC US MAY DELAY...**

# USPS Tracking®

**FAQs >**

Tracking Number:

## 9589071052703278943373

Remove ✕

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at the post office at 12:51 pm on January 26, 2026 in LAKE ZURICH, IL 60047.

### Get More Out of USPS Tracking:

**USPS Tracking Plus®**

● **Delivered**
**Delivered, Individual Picked Up at Post Office**
LAKE ZURICH, IL 60047
January 26, 2026, 12:51 pm

● **Available for Pickup**
LAKE ZURICH
25 TELSER RD
LAKE ZURICH IL 60047-1510
M-F 0800-1900; SAT 0900-1600
January 26, 2026, 12:50 pm

● **Arrived at Post Office**
LAKE ZURICH, IL 60047
January 26, 2026, 12:43 pm

● **Out for Delivery**
LAKE ZURICH, IL 60047
January 26, 2026, 6:10 am

● **Arrived at USPS Facility**
LAKE ZURICH, IL 60047

Feedback

January 25, 2026, 9:58 am

**Departed USPS Regional Facility**

PALATINE IL DISTRIBUTION CENTER
January 25, 2026, 3:52 am

**Arrived at USPS Regional Facility**

PALATINE IL DISTRIBUTION CENTER
January 24, 2026, 3:00 pm

**In Transit to Next Facility**

January 24, 2026, 2:58 pm

**In Transit to Next Facility**

January 24, 2026, 10:31 am

**Departed USPS Regional Facility**

NASHVILLE TN DISTRIBUTION CENTER
January 24, 2026, 2:59 am

**Arrived at USPS Regional Origin Facility**

NASHVILLE TN DISTRIBUTION CENTER
January 23, 2026, 2:07 pm

**Departed Post Office**

CLARKSVILLE, TN 37040
January 22, 2026, 4:52 pm

**USPS in possession of item**

CLARKSVILLE, TN 37040
January 22, 2026, 12:53 pm

**Hide Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

---

**Text & Email Updates**                                                    ⌄

---

**USPS Tracking Plus®**                                                      ⌄

---

                                                                             ⌄

**Product Information**



**DEFENDANT'S EXHIBIT B-21**

| State of Tennessee | Montgomery County Chancery Court |
|---|---|

| **Notice of Hearing** | File No. RE-2ℓ-5 <br><br> Division _____ |
|---|---|

Plaintiff _Rachel M. Hinkle-Gray, Samuel Gray_
(Name: First, Middle, Last)

Defendant _Ariens Bank, et al._
(Name: First, Middle, Last)

This case is set for hearing at the court above on:    ☑ a.m.    ☐ p.m.

_April 23_ , 20 _26_ at _9:00 a.m._
(Month/Day)

This case is set for a hearing regarding: _Rachel M. Hinkle-Gray vs. Ariens Bank, et al_

Location: Room # _305_
(Street)        (City, State, Zip)

Presented by:

_Rachel M. Hinkle-Gray_
(Person asking for the hearing)

### Certificate of Service

I swear and affirm that a copy of this Notice was given to _Ariens Bank_ .

It was delivered in person or sent by first-class U.S. Mail to this address:
_3490 Piedmont Rd. NE Ste 1500, Atlanta, GA 30305_

I did so on the _26th_ day of _March_ 20 _26_ .

_Rachel M. Hinkle-Gray_
Person asking for the Order:

_954 Terrace Creek Ln_
Street Address:

_Clarksville, TN 37040_
City, State, Zip

_(216) 413-9105_
Phone number:

Case 3:26-cv-00381  Document 1-1  Filed 03/31/26  Page 107 of 156 PageID #: 116

ELECTRONICALLY FILED 2026 Mar 26 11:22 AM - MCCHCVRE26000000 Montgomery County, Chancery Court

| **State of Tennessee** | **Montgomery County Chancery Court** |
|---|---|
| **Notice of Hearing** | File No. RE-26-5 <br> Division _____ |

Plaintiff Rachel M. Hinkle-Gray, Samuel Gray
(Name: First, Middle, Last)

Defendant Dovenmuehle Mortgage
(Name: First, Middle, Last)

This case is set for hearing at the court above on:  ☒ a.m.  ☐ p.m.

April 23 _____, 20 26 __ at_ 9:00 ____
(Month/Day)

This case is set for a hearing regarding: Rachel M. Hinkle-Gray vs Dovenmuehle Mortgage

Location: Room # 305 _____
(Street)                                                                   (City, State, Zip)

Presented by:

Rachel M. Hinkle-Gray
(Person asking for the hearing)

### Certificate of Service

I swear and affirm that a copy of this Notice was given to Dovenmuehle Mortgage ____.

It was delivered in person or sent by first- class U.S. Mail to this address:
1 Corporate Dr, Ste 3100, Lake Zurich IL, 60047

I did so on the 26th day of March 20 26 .

Rachel M. Hinkle-Gray
Person asking for the Order:

954 Terrace Creek Ln.
Street Address:

Clarksville, TN 37040
City, State, Zip

(211)-413-8657
Phone number:

ELECTRONICALLY FILED 2026 Mar 26 11:22 AM - MCCHCVRE26000005 Montgomery County, Chancery Court

| State of Tennessee | Montgomery County Chancery Court |
|---|---|
| **Notice of Hearing** | File No. RE-26-5<br><br>Division _____ |

Plaintiff _Rachel M. Hinkle-Gray, Samuel Gray_
(Name. First, Middle, Last)

Defendant _Mackie Wolfe Zientz Mann P.C._
(Name: First, Middle, Last)

This case is set for hearing at the court above on:
☒ a.m.
☐ p.m.

_April 23_____, 20 _26_ at _9:00___
(Month/Day)

This case is set for a hearing regarding: _Rachel M. Hinkle-Gray vs. Mackie Wolfe Zientz Mann._

Location: Room # _305_____
(Street)                                      (City, State, Zip)

Presented by:

_Rachel M. Hinkle-Gray_
(Person asking for the hearing)

### Certificate of Service

I swear and affirm that a copy of this Notice was given to _Mackie, Wolfe, Zientz Mann P.C._.

It was delivered in person or sent by first- class U.S. Mail to this address:
_725 Cool Springs Blvd, Ste. 140 Franklin, TN 37067_

I did so on the ___26th___ day of _March_____ 20 _26_.

_Rachel M. Hinkle-Gray_
Person asking for the Order:

_954 Terrace Creek Ln._
Street Address:

_Clarksville, TN 37040_
City, State, Zip

_(240) 413-9105_
Phone number:



**DEFENDANT'S EXHIBIT**

B-22

# CHANCERY COURT SUMMONS
## MONTGOMERY COUNTY, TENNESSEE

**RETURN TO C&M**

Rachel M Hinkle-Gray   Samuel Gray

VS.

Mackie Wolf Zientz & Mann, P.C.

SUMMONS TO: 725 Cool Springs Blvd
Suite 140
Franklin, TN 37067

**CASE NO.**
MC-CH-CV- RE - 26 - 5

**METHOD OF SERVICE:**
☐ MONTGOMERY CO. SHERIFF
☐ SECRETARY OF STATE
☒ CERTIFIED MAIL
☐ COMM. OF INSURANCE
☐ PRIVATE PROCESS
☐ OUT OF COUNTY SHERIFF
☐ OTHER (SPECIFY)

You are summoned to appear and defend a civil action filed against you which has been filed in Chancery Court, Montgomery County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below. In case of your failure to defend this action by the above date, judgment by default may be rendered against you for the relief demanded in the Complaint.

Issued: 1-22-26

ATTORNEY NAME & ADDRESS Rachel M. Hinkle-Gray
954 Terrace Creek La,
Clarksville, TN 37040

**HEATHER L. MOORE**
Clerk and Master, Chancery Court,
Montgomery County, Tennessee

By _Kaitli Powell_
**Deputy Clerk and Master**

*******************************************************************************

## RETURN ON PERSONAL SERVICE OF SUMMONS

☐ Executed by reading the summons and leaving a copy of the Complaint with _____

☒ I was unable to execute this summons and a copy of the Complaint because _the green cards were never returned to Plaintiff by Defendant_.
On this the _____ day of _____, 20____   _____
Sheriff / Process Server

*******************************************************************************

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that on _____ 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the Complaint in case # MC-CH-CV-____-____-____ to the Defendant, _____. On _____, 20____ I received the return receipt, which had been signed by_____ on _____, 20____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

_____
Person authorized by statute to serve process

*******************************************************************************

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in the action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be included, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right on how to exercise it, you may wish to seek the counsel of a lawyer. Mail list to: Clerk and Master, Montgomery Co. Court Center, Two Millennium Plaza, Ste 101, Clarksville, TN 37040.
*******************************************************************************

## CERTIFICATION (IF APPLICABLE)

I, HEATHER L. MOORE, Clerk & Master of the Chancery Court for Montgomery County, Tennessee, do certify this to be a true and correct copy of the original Summons issued in this case.

1-22-26
Date

_Kaitli Powell_
Deputy Clerk & Master

## ⚫ADA – FOR ASSISTANCE CALL (931) 920-1844

ELECTRONICALLY FILED 2026 Mar 20 11:27 AM - MCCHCVRE2600000005 Montgomery County, Chancery Court

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077



*2405626140*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures



The Terraces of Hearthstone Homeowners
Association, Inc.
50 VANTAGE WAY STE 100
NASHVILLE, TN 37228-1553

FILED **3·25** 20 **26**
HEATHER L. MOORE, CLERK & MASTER
BY _Cari Munton_
**9:00** DEPUTY CLERK
A.M. _____ P.M.



EXHIBIT
Collective 1
03-25-26
RE-26-5



# MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
THE TERRACES OF HEARTHSTONE HOMEOWNERS ASSOCIATION, INC.
GHERTNER & COMPANY, LLC
50 VANTAGE WAY, SUITE 100
NASHVILLE, TN 37228-1553

RE:  Loan No. :  ███████████
     MWZM No.:  25-000043-391-8
     Property:  954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear THE TERRACES OF HEARTHSTONE HOMEOWNERS ASSOCIATION, INC.,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077



*2405626139*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

The Gray Family Living Estate Trust
PO BOX 30098
CLARKSVILLE, TN 37040-0002

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
THE GRAY FAMILY LIVING ESTATE TRUST
P.O. BOX 30098
CLARKSVILLE, TN 37040

RE:    Loan No.: ███████████
       MWZM No.: 25-000043-391-8
       Property: 954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear THE GRAY FAMILY LIVING ESTATE TRUST,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077



*2405626138*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

Occupant
954 TERRACE CREEK LN
CLARKSVILLE, TN 37040-1430

**MACKIE WOLF ZIENTZ & MANN, P.C.**

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
OCCUPANT
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:    Loan No. : ██████████

       MWZM No.:  25-000043-391-8

       Property:   954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear OCCUPANT,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077



*2405626137*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

Occupant
954 TERRACE CREEK LN
CLARKSVILLE, TN 37040-1430

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
OCCUPANT
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:    Loan No. :    █████████
        MWZM No.:    25-000043-391-8
        Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear OCCUPANT,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077


*2405626136*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

Samuel Gray
PO BOX 30098
CLARKSVILLE, TN 37040-0002

# MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
SAMUEL GRAY
PO BOX 30098
CLARKSVILLE, TN 37040

RE:     Loan No. :     ███████████
        MWZM No.:   25-000043-391-8
        Property:      954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear SAMUEL GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077



*2405626135*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

Samuel Gray
954 TERRACE CREEK LN
CLARKSVILLE, TN 37040-1430

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
SAMUEL GRAY
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:    Loan No. : █████████
        MWZM No.:  25-000043-391-8
        Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear SAMUEL GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077


*2405626134*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

Rachel Hinkle Gray
PO BOX 30098
CLARKSVILLE, TN 37040-0002

## MACKIE WOLF ZIENTZ & MANN, P.C.
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
RACHEL HINKLE GRAY
PO BOX 30098
CLARKSVILLE, TN 37040

RE:    Loan No. : ▮▮▮▮▮▮▮▮▮
        MWZM No.:   25-000043-391-8
        Property:     954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear RACHEL HINKLE GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

Mackie Wolf Zientz & Mann, P.C.
PO Box 9077
Temecula, CA 92589-9077



*2405626133*

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

Send Correspondence to:
MWZM office address per enclosures

Rachel Hinkle Gray
954 TERRACE CREEK LN
CLARKSVILLE, TN 37040-1430

**MACKIE WOLF ZIENTZ & MANN, P.C.**
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
RACHEL HINKLE GRAY
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:     Loan No. :     ███████████
        MWZM No.:   25-000043-391-8
        Property:      954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear RACHEL HINKLE GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
THE TERRACES OF HEARTHSTONE HOMEOWNERS ASSOCIATION, INC.
GHERTNER & COMPANY, LLC
50 VANTAGE WAY, SUITE 100
NASHVILLE, TN 37228-1553

RE:   Loan No. : ▮▮▮▮▮▮▮▮
      MWZM No.:  25-000043-391-8
      Property:   954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

### NOTICE OF SALE POSTPONEMENT

Dear THE TERRACES OF HEARTHSTONE HOMEOWNERS ASSOCIATION, INC.,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
THE GRAY FAMILY LIVING ESTATE TRUST
P.O. BOX 30098
CLARKSVILLE, TN 37040

RE:     Loan No. :     ███████████
        MWZM No.:   25-000043-391-8
        Property:       954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear THE GRAY FAMILY LIVING ESTATE TRUST,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

# MACKIE WOLF ZIENTZ & MANN, P.C.
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
SAMUEL GRAY
PO BOX 30098
CLARKSVILLE, TN 37040

RE:   Loan No. :   █████████
     MWZM No.:  25-000043-391-8
     Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear SAMUEL GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

       Sincerely yours,

       Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
SAMUEL GRAY
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:    Loan No. : █████████████
       MWZM No.:  25-000043-391-8
       Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear SAMUEL GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
RACHEL HINKLE GRAY
PO BOX 30098
CLARKSVILLE, TN 37040

RE:    Loan No. :    [redacted]
        MWZM No.:  25-000043-391-8
        Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear RACHEL HINKLE GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

**MACKIE WOLF ZIENTZ & MANN, P.C.**
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
RACHEL HINKLE GRAY
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:    Loan No. :    ██████████
        MWZM No.:    25-000043-391-8
        Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear RACHEL HINKLE GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630 FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
OCCUPANT
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:   Loan No. :   █████████
       MWZM No.:  25-000043-391-8
       Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear OCCUPANT,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
THE TERRACES OF HEARTHSTONE HOMEOWNERS ASSOCIATION, INC.
GHERTNER & COMPANY, LLC
50 VANTAGE WAY, SUITE 100
NASHVILLE, TN 37228-1553

RE:    Loan No. :   █████████████
       MWZM No.:  25-000043-391-8
       Property:     954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear THE TERRACES OF HEARTHSTONE HOMEOWNERS ASSOCIATION, INC.,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
SAMUEL GRAY
PO BOX 30098
CLARKSVILLE, TN 37040

RE:  Loan No. :  ▮▮▮▮▮▮▮
MWZM No.:  25-000043-391-8
Property:  954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear SAMUEL GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
SAMUEL GRAY
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:   Loan No. : ████████
      MWZM No.:  25-000043-391-8
      Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear SAMUEL GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

# MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
RACHEL HINKLE GRAY
PO BOX 30098
CLARKSVILLE, TN 37040

RE:    Loan No. :    ████████████
       MWZM No.:    25-000043-391-8
       Property:    954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear RACHEL HINKLE GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

# MACKIE WOLF ZIENTZ & MANN, P.C.
ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
RACHEL HINKLE GRAY
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:  Loan No. : ███████████
  MWZM No.: 25-000043-391-8
  Property:  954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear RACHEL HINKLE GRAY,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.

## MACKIE WOLF ZIENTZ & MANN, P.C.

ATTORNEYS AT LAW
PARK EAST
725 COOL SPRINGS BLVD, SUITE 140
FRANKLIN, TN 37067
PHONE (615) 238-3630  FAX (615) 777-4517
WWW.MWZMLAW.COM
HOURS OF OPERATION: M-F 8:00AM-5:00PM CT | REPLY TO THE ABOVE ADDRESS

25-000043-391-8
October 27, 2025
VIA FIRST CLASS MAIL
OCCUPANT
954 TERRACE CREEK LANE
CLARKSVILLE, TN 37040

RE:   Loan No. : ███████████

MWZM No.:   25-000043-391-8

Property:   954 TERRACE CREEK LANE, CLARKSVILLE, TN 37040

## NOTICE OF SALE POSTPONEMENT

Dear OCCUPANT,

Please be advised that the foreclosure sale date for the above referenced property has been postponed from November 20, 2025 to January 8, 2026 at 12:00PM local time, at the at the Montgomery County Courthouse, Clarksville, Tennessee.

For additional sale information visit: https://www.tnforeclosurenotices.com.

Should you have any questions, please do not hesitate to contact our office.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THE DEBT AND ANY INFORMATION OBTAINED BY IT WILL BE USED FOR THAT PURPOSE.**

Sincerely yours,

Mackie Wolf Zientz & Mann, P.C.


DEFENDANT'S EXHIBIT B-24

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE
## AT CLARKSVILLE

RACHEL M. HINKLE GRAY and )
SAMUEL GRAY )
)
    Plaintiff, )
)
v. )    Case No.: MC CH CV RE-26-5
)
AMERIS BANK; MACKIE WOLF ZIENTZ & )
MANN, P.C.; and DOVENMUEHLE )
MORTGAGE )
)
    Defendants. )

## ORDER RESCINDING TEMPORARY RESTRAINING ORDER AND DENYING INJUNCTIVE RELIEF

This matter came before the Court on March 25, 2025 upon the Plaintiffs' Motion for a hearing on temporary emergency relief. Jason R. Nabors appeared for Mackie Wolf Zientz & Mann, P.C. ("MWZM"); Ameris Bank; and Dovenmuehle Mortgage Inc.. Rachel Hinkle Gray appeared via Webex. Mr. Nabors pointed out that the trustee's deed finalizing the foreclosure was recorded in the office of the Montgomery County Register of Deeds before the Plaintiffs filed their petition. Thus Plaintiffs could not have complied with T.C.A. § 29-23-201.

Rachel Hinkle Gray admitted to receiving the original notice of sale but claimed that she did not receive notice of the postponement resetting the foreclosure date to January 8, 2026. She claimed an employee of MWZM told her that the last correspondence was sent in October. Mr. Nabors put into the Court record the notices of postponement that were sent to all interested parties on October 27, 2026. Therefore, based on the recitations on the recorded trustee's deed, the representation of counsel, the copies of the actual notices of the postponement mailed to all interested parties, including the Plaintiffs, and the Plaintiff's own admissions, the Court is satisfied that proper notice of the sale was given by the Trustee. Additionally, as the sale was concluded and

ORDER DISSOLVING TRO AND DENYING INJUNCTIVE RELIEF    Page 1

ELECTRONICALLY RECEIVED 2026 Mar 26 9:26 AM - MCCHCVRE260000005 Montgomery County, Chancery Court

recorded prior to the petition, the Court concludes that injunctive relief in this matter is inappropriate.

WHEREFORE, the Court Does ORDER:

1) that the Plaintiffs' Motion for injunctive relief is DENIED;

2) that the Defendants are not prejudiced by the appearance of Mr. Nabors at this hearing in the absence of proofs of service compliant with T.R.C.P. Rule 4.03; and

3) that the Temporary Restraining Order in effect upon the entry of the Order entered 3/16/26 is DISSOLVED.

Entered this the _____ day of March, 2026.

Signed: 2026-03-26

_____

CHANCELLOR

Approved By:
/s/ Jason R. Nabors
Jason R. Nabors, BPR# 037937
Mackie Wolf Zientz & Mann, P.C.
725 Cool Springs Blvd., Ste. 140
Franklin, TN 37067
615-238-3618
jnabors@mwzmlaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March, 2026, a true and correct copy of the foregoing was delivered via e-mail or U.S. Mail to the following.

Rachel M. Hinkle Gray

ORDER DISSOLVING TRO AND DENYING INJUNCTIVE RELIEF
25-000043-391

Page 2

Case 3:26-cv-00381   Document 1-1   Filed 03/31/26   Page 141 of 156 PageID #: 150

954 Terrace Creek Lane
Clarksville, TN 37040
216-413-9657
Rgray101218@gmail.com

Samuel Gray
954 Terrace Creek Lane
Clarksville, TN  37040

*/s/ Jason R. Nabors*
Jason R. Nabors


DEFENDANT'S
EXHIBIT
B-25

## IN THE CHANCERY COURT FOR MONTGOMERY COUNTY, TENNESSEE
## AT CLARKSVILLE

SAMUEL GRAY and RACHEL HINKLE
GRAY

     Plaintiff,

v.

AMERIS BANK; DOVENMUEHLE
MORTGAGE; ANDREW JENSEN;
and JOHN DOES 1-10

     Defendants.

Case No.: MC CH CV RE-26-5

## ANSWER FOR DEFENDANT MWZM; VERIFIED DENIAL OF DEFENDANT MWZM AND ANDREW JENSEN

Comes now Mackie, Wolf, Zientz & Mann, P.C. ("MWZM") and Andrew Jensen ("Jensen") and answer the Complaint with the following:

1. PARTIALLY DENIED. While it is admitted that Plaintiff Samuel Gray was a borrower of a loan on 954 Terrace Creek Lane, Clarksville, TN 37040 (the "Property") and may be currently an unlawful detainer and tenant at sufferance of Ameris Bank, it is denied that he is a current owner of the Property.

2. PARTIALLY DENIED. While it is admitted that Plaintiff Rachel Hinkle Gray was a borrower of a loan on the Property and may be currently an unlawful detainer and tenant at sufferance of Ameris Bank, it is denied that she is a current owner of the Property.

3. ADMITTED.

4. ADMITTED.

ANDREW JENSEN'S/MWZM
ORIGINAL ANSWER AND VERIFIED DENIAL
25-000043-391

Page 1

5. DENIED. Andrew Jensen is a licensed Tennessee attorney and employee of MWZM. MWZM was the appointed substitute trustee of the foreclosure sale. Naming Andrew Jensen personally is inappropriate.

6. ADMITTED that the Plaintiffs made up fictitious names of people that do not exist. These made up defendants are not able to be served under the Rules of Civil Procedure, and even as "Phantom Tortfeasors" concocted by the Plaintiffs themselves they are not identified sufficiently to allow pleading and serving of process. See generally *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785 (Tenn. 2000).

7. PARTIALLY ADMITTED. It is partially admitted that the Chancery Court may have jurisdiction over this action, but the jurisdiction over actions such as this may be asserted by other courts other than the Chancery Court.

8. PARTIALLY ADMITTED. It is partially admitted that venue may be proper in the Montgomery County Chancery Court, but venue may also be proper in other Courts of Montgomery County and the Middle District of Tennessee.

9. PARTIALLY DENIED. While the Plaintiffs may be occupants, tenants at sufferance, and unlawful detainers, it is DENIED that they are owners of the Property.

10. MWZM and Jensen lack knowledge by which to admit or deny if the Plaintiffs still live in the residence, but it is ADMITTED that as unlawful detainers, tenants at sufferance of the current owner, the Plaintiffs may still be using the Property as a residence.

11. PARTIALLY ADMITTED. While the averment in Paragraph 11 is ambiguous by means of the use of the cryptic word "transaction", it is partially admitted that the Borrowers were parties to a Note and recorded Deed of Trust secured by the Property.

12. DENIED. The holder of the Note accelerated the indebtedness because of the Plaintiffs' default. MWZM and Jensen did not accelerate the note, but MWZM did notify the Plaintiffs that Ameris Bank had accelerated their note because of their failure to cure the default after adequate notice of the breach and their right to cure.

13. DENIED.

14. PARTIALLY DENIED. It is admitted that the foreclosure sale has already taken place. The remainder of the averment is DENIED. This Court denied emergency relief at a hearing held on March 25, 2026.

15. DENIED.

16. DENIED.

17. DENIED.

18. DENIED.

19. PARTIALLY DENIED. As the trustee's deed has already been recorded and the Court has already denied injunctive relief, the current owner is not barred from pursuing efforts to gain possession of its PROPERTY. Thus, much of the averments in this Paragraph are MOOT, but to the extent necessary MWZM and Jensen DENY.

20. DENIED. The Court denied injunctive relief at a hearing on March 25, 2026.

21. NO RESPONSE REQUIRED. This paragraph is not an averment. MWZM and Jensen incorporate by reference the responses to Paragraphs One through Twenty.

22. PARTIALLY ADMITTED. To the extent that the Note and Deed of Trust comprise the Loan Agreement, MWZM and Jensen admit. To the extent that Plaintiffs may assert other documents as part of the ambiguous term "loan documents", MWZM and Jensen DENY.

23. DENIED.

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 145 of 156 PageID #: 154

24. DENIED.

25. NO RESPONSE REQUIRED. This paragraph is not an averment. MWZM and Jensen incorporate by reference the responses to Paragraphs One through Twenty-five.

26. DENIED.

27. DENIED. The trustee's deed has already been recorded.

28. NO RESPONSE REQUIRED. This paragraph is not an averment. MWZM and Jensen incorporate by reference its responses to Paragraphs One through Twenty-eight.

29. DENIED.

30. DENIED.

31. This paragraph is not an averment but a request for relief. MWZM and Jensen DENY that such relief should be given. The Court denied injunctive relief at a hearing on March 25, 2026.

32. NO RESPONSE REQUIRED. This paragraph is not an averment. MWZM and Jensen incorporate by reference the responses to Paragraphs One through Thirty-two.

33. DENIED.

34. DENIED.

35. NO RESPONSE REQUIRED. This paragraph is not an averment. MWZM and Jensen incorporate by reference the responses to Paragraphs One through Thirty-five.

36. Partially DENIED. Plaintiffs have admitted that a loan application was reviewed and denied by Ameris Bank. To the extent that the Plaintiffs assert that Borrowers can theoretically remain in a house free of charge by incessantly and continuously launching unending loan modification applications to remain in default virtually indefinitely without risk of

foreclosure, MWZM and Jensen DENY as an erroneous conclusion of law. *Jackson v. CitiMortgage, Inc.*, No. W2016-00701-COA-R3-CV at *13 (Tenn. Ct. App. May 31, 2017).

37. DENIED.

## AFFIRMATIVE DEFENSES

Defendants MWZM and Andrew Jensen assert the following defenses:

1.  Plaintiffs FAIL TO STATE A CLAIM upon which relief may be granted against the Defendants by either MWZM or Andrew Jensen.

2.  Plaintiffs failed to mitigate their damages.

3.  Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiffs, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiffs' damages, if any.

4.  Defendants would show their conduct or activity conformed at all times to any and all applicable state and federal statutes, codes, and regulations.

5.  Defendants complied with all applicable provisions of the Note and Deed of Trust, and rely on all defenses afforded under both.

6.  Under the doctrine of comparative fault, the Plaintiff cannot recover for tort damages for which he himself is at least 50% culpable. *McIntyre v. Balentine*, 833 S.W.2d 52, 56 (Tenn. 1992).

7.  LACK OF SERVICE OF PROCESS.

8.  INSUFFICIENCY OF SERVICE OF PROCESS.

10. FAILURE TO COMPLY WITH THE RULES OF CIVIL PROCEDURE, including but not limited to T.R.C.P. Rule 5.03.

Case 3:26-cv-00381    Document 1-1    Filed 03/31/26    Page 147 of 156 PageID #: 156

## DEFENDANT MWZM AND ANDREW JENSEN'S VERIFIED DENIAL

Defendants MWZM and Andrew Jensen here also submit their verified denial according to T.C.A § 35-5-116 et al.

1. MWZM and Andrew Jensen are not a necessary party to this cause of action by reason of their reasonable belief that they were named as a party solely in their capacity as a substitute trustee or employee of such substitute trustee under a Deed of Trust as contemplated by T.C.A. § 35-5-116 et al. Plaintiffs' Complaint demonstrates that all of its claims against MWZM or Andrew Jensen relate to their alleged actions taken as a substitute trustee. Andrew Jensen is identified as the "trustee" in the Complaint at Paragraph Five. Plaintiff in the complaint does not seem to state a claim against MWZM, but any claim against Andrew Jensen would be a claim solely against MWZM and would be to restrain MWZM in its trustee capacity related to the completed and recorded foreclosure.

2. Pursuant to T.C.A. § 35-5-116(b), within 30 days of the filing of this Answer and Verified Denial, Plaintiff must file a verified response.

Respectfully submitted, this 26th day of March, 2026.

/s/ Jason R. Nabors
Jason R. Nabors, BPR# 037937
Mackie Wolf Zientz & Mann, P.C.

ANDREW JENSEN'S/MWZM
ORIGINAL ANSWER AND VERIFIED DENIAL
25-000043-391

Page 6

725 Cool Springs Blvd., Suite 140
Franklin, TN 37067
615-238-3618
jnabors@mwzmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of March 2026, a true and correct copy of the foregoing was delivered electronically or via U.S. Mail to the following.

Rachel Hinkle Gray
954 Terrace Creek Lane
Clarksville, TN 37040

Samuel Gray
954 Terrace Creek Lane
Clarksville, TN 37040

/s/ Jason R. Nabors
Jason R. Nabors

Case 3:26-cv-00381     Document 1-1     Filed 03/31/26     Page 149 of 156 PageID #: 158

## VERIFICATION

STATE OF TENNESSEE

COUNTY OF WILLIAMSON

BEFORE ME, the undersigned Notary, on this day personally appeared Andrew Jensen for himself and Mackie Wolf Zientz & Mann P.C., who, being by me first duly sworn, on his oath deposed and said that he has read the foregoing Answer and Verified Denial; and that the statements contained therein are within his/her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO BEFORE ME this 26th day of March, 2026, to certify which witness by hand and official seal.

NOTARY PUBLIC

My Commission Expires
July 6, 2026

CANDACE DODSON
STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY

VERIFICATION
25-000043-391

LN POOLER GA 31322

DEFENDANT'S
EXHIBIT
C

$551,500



## KEY INFORMATION

| | |
|---|---|
| Parcel ID | 016I B 00500 00002016I |
| Appraisal Year | 2026 |
| Primary Land Use | RESIDENTIAL |
| Assessment Ratio | 25.00% |
| Taxing District | MONTGOMERY |
| Subdivision | TERRACES OF HEARTHST |

## APPRAISAL DETAILS

| | |
|---|---|
| Building Value | $484,000 |
| Misc. Improvements Value | $2,500 |
| Total Improvement Value | $486,500 |
| Total Land Value | $65,000 |
| Total Appraised Value | $551,500 |
| Total Assessed Value | $137,875 |

984 TERRACE CREEK LN

605 W HWY 80
POOLER GA 31322

**Total Appraised Value**
**$551,500**

| TAX YEAR | PRIMARY LAND USE | APPRAISED VALUE |
|---|---|---|
| 2025 | RESIDENTIAL | $551,500 |
| 2024 | RESIDENTIAL | $551,500 |
| 2023 | RESIDENTIAL | $345,100 |
| 2022 | RESIDENTIAL | $42,500 |
| 2021 | RESIDENTIAL | $42,500 |
| 2020 | RESIDENTIAL | $42,500 |
| 2019 | RESIDENTIAL | $42,500 |
| 2018 | RESIDENTIAL | $40,000 |
| 2017 | RESIDENTIAL | $40,000 |
| 2016 | RESIDENTIAL | $40,000 |

*Note - Years 2024, 2019 and 2014 were the most recent county-wide revaluation years.

## ZONING AND LEGAL INFORMATION

| Taxing District | 000-MONTGOMERY | | |
|---|---|---|---|
| | | Zoning | 100 % - R-1A - SINGLE FAMILY RESIDENTIAL DISTRICT |
| Subdivision | TERRACES OF HEARTHST | | |
| | | Civil District | 02 |
| Lot | 43 | | |
| | | Block | 1 |
| Plat Book | F | | |
| | | Plat Page | 446 |
| Neighborhood | TERRACES OF HEARTHSTONE | | |

## LAND INFORMATION

| Primary Land Use | RESIDENTIAL | | |
|---|---|---|---|
| | | Deeded Acreage | 0.00 |
| Calculated Acreage | 0.24 | | |
| | | Vacant Land | N |

| LAND LINE | UNIT TYPE | SIZE DIM | LAND TYPE | # OF UNITS | MARKET VALUE | AG USE VALUE | ASSESSMENT CLASS |
|---|---|---|---|---|---|---|---|
| 1 | LOT | 90.54X119.9X85.83X120 | RESIDENTIAL | 1.00 | $65,000 | $0 | RS |

## MISCELLANEOUS IMPROVEMENTS

| CODE | DESCRIPTION | CARD # | SIZE DESCRIPTION | UNITS | EFF YR BUILT | ASSESSMENT CLASS |
|---|---|---|---|---|---|---|
| DRWY | DRIVEWAY | 1 | DRIVEWAY | 640.0 | 2022 | RS |

## DEED TRANSFER INFORMATION

| TRANSFER DATE | BOOK/PAGE | INSTR TYPE | GRANTOR | GRANTEE | SALE TYPE | REASON CODE | SALES PRICE | REFERENCE ONLY |
|---|---|---|---|---|---|---|---|---|
| 01/13/2026 | 2473/785 | - | MACKIE WOLF ZIENTZ & MANN P C SUBSTITUTE TR | AMERIS BANK | - | - | $533,415 | - |
| 01/14/2025 | 2424/2001 | TRU | GRAY SAMUEL | GRAY FAMILY LIVING ESTATE TRUST | IMPROVED | D | $10 | - |
| 09/21/2022 | 2253/1232 | ACC | REDA HOME BUILDERS INC | GRAY SAMUEL | IMPROVED | Q | $506,500 | - |
| 07/02/2018 | 1822/1093 | MPD | HEARTHSTONE PARTNERS | REDA HOME BUILDERS INC | VACANT | D | $228,000 | - |
| 06/02/2006 | V1104/1977 | - | - | HEARTHSTONE PARTNERS | VACANT | - | $0 | - |

## BUILDING INFORMATION

## 95 TERRACE CREEK LN

605 W HWY 80
POOLER GA 31322

**Total Appraised Value**
**$551,500**

| Building Type | RS1.5 | | Building Type Desc | SINGLE FAMILY 1.5 STORY |
|---|---|---|---|---|
| Year Built | 2022 | | Effective Year Built | 2022 |
| Base Area | 2,389 | | Total Adj Area | 3,817 |
| Living Area | 3,577 | | Unfinished Area | 0 |
| Garage Area | 480 | | Assessment Class | RS |
| # of Stories | 2.0 | | # of Fireplaces | 1.0 |

 

### Building Appendages

| CODE | DESCRIPTION | AREA | ADJUSTED AREA |
|---|---|---|---|
| GRF | GARAGE FINISHED (ATTACHED) | 480 | 240 |
| USF | UPPER STORY FINISHED | 1,188 | 1,093 |
| BASE | MAIN FLOOR LIVING AREA | 2,389 | 2,389 |
| OPF | OPEN PORCH FINISHED | 180 | 84 |
| OPF | OPEN PORCH FINISHED | 24 | 11 |

### Construction Units

Show 10 ∨ entries

| CATEGORY | DESCRIPTION |
|---|---|
| Bath & Tile | FLOOR ONLY |
| Cab & Mill Work | ABOVE AVERAGE |
| Electrical | AVERAGE |
| Exterior Wall | COMMON BRICK |
| Floor Finish | CARPET COMBINATION |
| Floor System | WOOD W/ SUB FLOOR |
| Foundation | CONTINUOUS FOOTING |
| Grade Factor | AVERAGE |
| Hgt. and Air Cond. | HEAT & COOLING PKG/SPLIT |
| Interior Finish | DRYWALL |

« 1 2 »

Showing 1 to 10 of 14 entries

### Extra Features

| CATEGORY | QUANTITY |
|---|---|
| FIREPLACE | 1.0 |
| OTHER FIXTURES | 10.0 |

TERRACE CREEK
LN

605 W HWY 80
POOLER GA 31322

Total Appraised Value
$551,500

TERRACE CREEK

605 W HWY 80
POOLER GA 31322

Total Appraised Value
$551,500

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL GRAY and RACHEL HINKLE GRAY, | § § § | |
| Plaintiffs, | § § | Civil Action No. |
| v. | § § | |
| AMERIS BANK; DOVENMUEHLE MORTGAGE; ANDREW JENSEN; and JOHN DOES 1-10 | § § § | |
| Defendants. | § § § § § § | |

## <u>DECLARATION OF JASON R. NABORS</u>

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the following statements are true and correct:

1.     My name is Jason R. Nabors. I am over the age of 21 years and am fully competent to make this Declaration. All statements of fact made herein are true, correct, and within my personal knowledge.

2.     I am an attorney for Mackie Wolf Zientz & Mann, P.C., attorneys for Defendants, Ameris Bank ("Ameris"), Dovenmuehle Mortgage Inc. ("DMI"), Andrew Jensen ("Jensen", and Mackie Wolf Zientz & Mann P.C. ("MWZM").

3.     I certify that on March 27, 2026, I searched for the Montgomery County Appraisal District's valuation of the property commonly known as 954 Terrace Creek Lane. I found the appraisal record for the Property.

4.      I certify the following document to which this declaration is attached hereto is a true and correct copy, which I obtained from the Appraisal District website for Montgomery County, Tennessee

This document is incorporated by reference for all purposes.

FURTHER DECLARANT SAYETH NOT."

SIGNED AND DECLARED on March 30, 2026.

JASON R. NABORS

Case 3:26-cv-00381     Document 1-1     Filed 03/31/26     Page 156 of 156 PageID #: 165